PEARL E. CHIZMAR
*vs.*
ANN ELLIS

Somerset.   Opinion, June 7, 1954.

*Merrill & Merrill,* for plaintiff.

*Eames & Eames,*
*W. Philip Hamilton,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

TAPLEY, J.   This is an action in plea of trespass alleging that the defendant, on the fourteenth day of May, A. D. 1953, committed an assault upon the plaintiff. The plea is

the general issue. The *ad damnum* of the writ is in the sum of $1,000. The action was tried before a jury at the September Term, A. D. 1953 at Skowhegan, in the County of Somerset. The jury returned a verdict for the plaintiff and assessed damages for the plaintiff in the sum of $1,000. The defendant seasonably filed a general motion for a new trial addressed to the Supreme Judicial Court sitting as a Law Court, the motion being in proper form.

## LIABILITY

It appears from the evidence that the plaintiff, Pearl E. Chizmar, was married to one John Chizmar and that because of domestic trouble plaintiff left her husband and went to the home of a friend in Madison. She later returned to her home in Anson to obtain some clothing and there plaintiff encountered Ann Ellis, the defendant in this action. When the plaintiff attempted to enter the building, plaintiff claimed she was accosted by Ann Ellis and after some argument about plaintiff's right to go upstairs to her home, Ann Ellis assaulted her, which assault became the basis of this action. The defendant Ellis claimed that she was not the aggressor but that the plaintiff Chizmar was the aggressor and upon this issue, which was one of fact, the jury made its determination.

The jury on the question of liability was in possession of all the facts and determined from the evidence submitted that the defendant was guilty of the acts as charged in plaintiff's declaration. This determination on the part of the jury as to liability should not be disturbed as it was one of fact and wholly within the province of the jury.

On the issue of liability, the court stated in *Eaton* v. *Marcelle, 139 Me. 256 at 257:*

"The jury heard the evidence and determined the facts. ***** Where there is sufficient evidence

upon which reasonable men may differ in their conclusions, the Court has no right to substitute its own judgment for that of the jury."

## DAMAGES

The defendant further argues that the verdict should be set aside and a new trial granted for the reason that the verdict was not divided as to the amount found as compensatory damages and the amount found as exemplary damages and, in addition, that the amount of damages was excessive. The record does not disclose defendant requested special findings as to compensatory and exemplary damages. The Presiding Justice properly charged the jury as to the matter of damages. There is no law in Maine requiring a split verdict as to damages allocating an amount as compensatory and another amount as punitive damages. The defendant, as a matter of law, has no valid contention in this respect. *53 Am. Jur., Page 730:*

"But where the issues of actual and exemplary damages are not separately submitted to the jury, a verdict need not specify whether it is for actual or exemplary damages, if no request for such a specification was made."

The defendant by her motion brings up the consideration of whether or not the damages in view of the evidence are excessive. It appears that the plaintiff had no medical or other special damages. Her injuries consisted of superficial cuts and bruises about the head and legs, with the attendant discomforts which these injuries would cause. An element of damage of injured feelings, embarrassment and humiliation could have been present.

The jury found damages for the plaintiff in the sum of $1,000 which amount, in accordance with the charge of the Presiding Justice, could have included both compensatory

and exemplary damages. The record, taken in its most favorable light from the standpoint of the plaintiff, indicates to an unprejudiced and unbiased mind that these damages are excessive. *Johnson, et al.* v. *Kreuzer, 147 Me. 211:*

> "It is the duty of the court, in the case of excessive or inadequate damages, to set aside the verdict if the jury disregards the evidence, or acts from passion or prejudice."

The verdict for damages was manifestly excessive and we must order a new trial unless the plaintiff remits all of the verdict in excess of $500, and the order is

*If the plaintiff, within sixty days after the certificate of decision is received by the clerk, shall remit all of the verdict in excess of $500, motion overruled; otherwise, motion sustained.*