HAZEL NEVICO
*vs.*
MARTIN J. GREELEY

JULIAN NEVICO
*vs.*
MARTIN J. GREELEY

Cumberland.   Opinion, May 15, 1959.

*John J. Flaherty,* for plaintiffs.

*William B. Mahoney,*
*James R. Desmond,*
*Lawrence P. Mahoney,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.   These two cases, tried together, arose out of an automobile accident and resulted in verdicts for the defendant. The plaintiffs seasonably filed motions for new

trial with the presiding justice which were denied. The plaintiffs then, and within the time allowed by statute, filed motions for new trial addressed to the Law Court. The presiding justice then *sua sponte* reconsidered the motions addressed to him and entered in each case an order which contained the following language:

> "The presiding Justice having reconsidered sua sponte the motion heretofore addressed to him and having concluded that justice demands a new trial,
>
> NOW THEREFORE, in the event that plaintiff elects to withdraw his motion addressed to the Supreme Judicial Court, IT IS HEREBY ORDERED that under the provisions of Sec. 60 of Chapter 113 of the Revised Statutes 1954 a new trial be granted."

The docket entries show that the plaintiffs promptly withdrew their motions addressed to the Law Court. Defendant then sought to obtain review of the orders of the presiding Justice by way of exceptions. His extended bill of exceptions was allowed "if allowable." The plaintiffs here by motion seek to have the exceptions dismissed as not properly before the Law Court.

The defendant readily concedes that under ordinary circumstances no exceptions lie to the action of a presiding justice on a motion for a new trial addressed to him. R. S., 1954, Chap. 113, Sec. 60; Rule 17 of Revised Rules of Supreme Judicial and Superior Courts, 147 Me. 470. He contends, however, that there must necessarily exist an unstated right to review by exceptions where it is apparent on the face of the record that the justice below lacked jurisdiction to order a new trial. He further argues that such is the situation in the instant case. Briefly stated, his argument is that the only reason motivating the presiding justice to reconsider his decision upon the motions was his failure to instruct the jury as to the wording and meaning

of an applicable statute. Since the authority to grant a new trial is narrowly limited by R. S., 1954, Chap. 113, Sec. 60 to the situation in which "in his opinion, the evidence demands it," the justice below, says the defendant, lacked jurisdiction to grant a new trial *for any other reason*.

It is unnecessary here to analyze either the strength or weakness of the defendant's legal hypothesis, since we cannot on the facts of this case accept the premise upon which it is based. It is true, and the bill of exceptions so informs us, that the presiding justice *sua sponte* raised the question of reconsideration at a conference with counsel in chambers and then indicated that he was disturbed by his own failure to instruct the jury with reference to the statute. When later, however, he ordered the new trial, he incorporated by reference the content of R. S., 1954, Chap. 113, Sec. 60 into his decision and gave as the only additional reason for his action his conclusion "that justice demands a new trial." We are satisfied that in so wording his order, he ruled and intended to rule that the provisions of that section of the statute were satisfied and that in his opinion the evidence, when viewed in the light of the applicable law, required a contrary verdict and therefore a new trial. This action was clearly within his jurisdiction and no exceptions lie thereto.

The entry will be in each case,

*Exceptions dismissed.*