TERESA M. MACLEAN

*vs.*

ERVILLE A. JACK

Cumberland. Opinion, March 6, 1964.

*Julian G. Hubbard,*
*John Marshall,* for Plaintiff.

*Lawrence P. Mahoney,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN; SIDDALL, JJ. MARDEN, J., did not sit.

SIDDALL, J. This case has been tried twice in the Superior Court. At the conclusion of the evidence in the first case the defendant made a motion for a directed verdict which was denied by the presiding justice. The jury returned a verdict for the plaintiff in the sum of $9,000.00. The defendant seasonably filed a motion for judgment *n.o.v.*, or, in the alternative a motion for a new trial. The motion for a new trial was granted. The plaintiff thereafter filed a motion that the presiding justice set forth in the record his reasons for allowing the motion for a new trial. The record does not show that this motion was acted upon. The plaintiff also filed a motion that the court report the case to the Law Court under Rule 72 (c) M.R.C.P. This motion was denied.

The second trial resulted in a verdict for the plaintiff in the sum of $4,000.00. The defendant at the close of the testimony in that case filed a motion for a directed verdict which was denied. The defendant then seasonably filed a motion *n.o.v.*, or, in the alternative a motion for a new trial, both of which were denied. The defendant appealed from the final judgment and from the order denying defendant's motion to have the verdict and judgment set aside and for judgment *n.o.v.* and assigned points of appeal summarized as follows: (1) that the evidence was insufficient to warrant a verdict for the plaintiff; (2) that the evidence offered by the plaintiff was contrary to the undisputed physical facts, and establishes her contributory negligence as a matter of law; (3) that the undisputed physical facts corroborate the testimony of the defendant as to the manner in which the accident occurred. Another point of appeal raised by the defendant was abandoned on argument.

After judgment in the second case the plaintiff seasonably appealed therefrom on the following grounds: (1)

that the damages in the second trial were grossly inadequate; (2) that the presiding justice in the first trial erred in granting defendant's motion for a new trial; (3) that the presiding justice at the first trial erred in denying plaintiff's motion to report the case to the Law Court under Rule 72 (c) M.R.C.P.; (4) that the presiding justice at the first trial failed to act upon the motion filed by the plaintiff requesting that the court set forth its reason for granting a new trial.

Plaintiff does not argue grounds three and four. However, we discuss them briefly. The order of the court granting a new trial was an interlocutory order, and whether a case be reported to the Law Court under Rule 72 (c) is entirely within the discretion of the presiding justice.

The rules provide that in those cases in which the trial court on his own initiative orders a new trial he shall in the order specify the grounds therefor. The record discloses that defendant's motion for a new trial was granted on February 6, 1962. On February 20, 1962, the motion requesting the court to set forth his reason for granting a new trial was filed. The record fails to show that this motion was ever brought forward for hearing or adjudication. The plaintiff takes nothing from her points of appeal 3 or 4.

The plaintiff contends that the presiding justice erred in granting defendant's motion for a new trial. The defendant claims that the order granting the plaintiff's motion is not an appealable order.

Under the provisions of R. S., 1954, Chap. 113, Sec. 60 (now repealed), under which Rule 17 of the so-called old rules was based, the losing party might seek a new trial from the trial judge or go directly to the Law Court on a report of the whole case. Furthermore, an unsuccessful resort to the trial court did not preclude another motion addressed to the Law Court. The rule specifically provided

that no exceptions lay to the decision of the presiding justice, and no appeal therefrom was permissible. Our court has held that the granting or refusing to grant a new trial on motion addressed to the trial court rested wholly within the discretion of the presiding justice, and that his decision was final and not subject to review. See *Nevico* v. *Greeley,* 155 Me. 104; *Bodwell-Leighton Co.* v. *Coffin & Wimple,* 144 Me. 367.

Rule 59 M.R.C.P. is substantially the same as Federal Rule 59. This rule requires that all motions for a new trial be addressed to the trial judge. New trials may be granted for any of the reasons for which new trials have heretofore been granted.

With the elimination of Rule 17 and the provisions therein that no appeal from the decision of the presiding justice in civil cases is permissible, we must consider anew whether the granting of a new trial under the circumstances of this case is subject to appeal or review.

Defendant's motion for a new trial in the first case alleged grounds therefor summarized as follows: (1) That the court erred in charging the jury that the defendant because of the yellow light facing him as he entered an intersection was required to use "extreme caution" in entering the intersection; (2) that the court erred in instructing the jury that they were competent to find an arthritic condition, when the evidence offered by plaintiff's expert witness was that there had been no aggravation of the arthritic condition arising out of the accident; (3) excessive damages.

> "An order granting a new trial is usually not appealable, since such an order is purely interlocutory and is not such a final judgment as the statute makes appealable." * * *

> A distinction must be observed, however, between appealability and reviewability. An order grant-

ing a new trial is not appealable, but it is certainly reviewable. On appeal from the final judgment following the second trial, the appellant may claim error in the grant of a second trial, and if the appellate court agrees, it will reinstate the verdict reached at the first trial."

Federal Practice and Procedure, Barron and Holtzoff, Sec. 1302.1, p. 346.

See also Field and McKusick, Maine Civil Practice, Sec. 59.4, p. 481.

One of the grounds set forth in defendant's motion for a new trial is that damages awarded in the first trial were excessive.

It was long settled in federal courts that the granting or denial of a motion for a new trial, including a motion on the ground of excessive or inadequate damages, was not open to review for error of fact. *Fairmount Glass Works* v. *Cub Fork Coal Company,* 287 U. S. 474, 77 L.Ed. 439; *Scott* v. *Baltimore & O. R. Co.* (3rd Cir.) 151 F. (2nd) 61, 65; *Francis v. Southern Pac. Co.* (10th Cir.) 162 F. (2nd) 813.

There have been recent decisions which indicate that there is an exception to this rule when there has been an abuse of discretion on the part of the trial judge in the *denial* of a motion for a new trial based upon excessive or inadequate damages. *Dagnello* v. *Long Island Railroad Company* (2nd Cir.) 289 F. (2nd) 797 (1962), in which Mr. Justice Medina makes an exhaustive review of federal decisions on this issue. See also the following cases: *Bankers Life & Casualty Company* v. *Kirtley* (8th Cir.) 307 F. (2nd) 418, 423 (1962); *Price* v. *H. B. Green Transportation, Inc.* (7th Cir.) 287 F. (2nd) 363, 365 (1961); *Baldwin, et al.* v. *Warwick* (9th Cir.) 213 F. (2nd) 485, 486 (1954); *Trowbridge* v. *Abrasive Co. of Philadelphia* (3rd Cir.) 190 F. (2nd) 825, 830 (1951); *Sebring Trucking Co.* v. *White* (6th Cir.) 187 F. (2nd) 486 (1951); *Gleghorn* v. *Koontz* (5th Cir.) 178 F. (2nd) 133, 136 (1949).

No case has been called to our attention, and we have discovered none, in which the appellate court has reviewed an order *granting* a motion for a new trial based on excessive or inadequate damages. However, we can discern no difference in principle between the exercise of review on the *denial* of a motion basd upon that ground, and the exercise of review on the *granting* of such a motion.

We conclude that an order granting or denying a motion for new trial on the ground of excessive or inadequate damages is reviewable after judgment and may be reversed in the event that a clear and manifest abuse of discretion on the part of the trial judge is shown.

A careful examination of the evidence taken at the first trial satisfies us that the damages assessed were clearly excessive. Medical bills were $182.00 and damage to her automobile was stipulated at $978.00. The plaintiff was employed on a commission basis with an average weekly income of $50.00 per week. She remained home after the accident for a period of eight weeks, during which time she did some work by means of the telephone. At the most, her damages arising from loss of wages amounted to $400.00. The damages assessed were $9,000.00. After deducting therefrom the special damages listed above, approximately $7,440.00 is left which the jury must have assessed for pain and suffering present and future. The plaintiff was about 70 years of age at the time of the accident on December 21, 1959. Trial was had on April 25, 1962. Without discussing the evidence in detail it appears that the plaintiff at the time of the accident was rendered unconscious briefly. Medical testimony of two doctors was offered by the plaintiff. The plaintiff apparently suffered damage to the soft tissue in the region of the cervical spine. Her complaints were due to this damage. She was given physiotherapy treatments. There was some limitation of the motion of the neck. She testified that she suffers constant pain up and down her

back but does not have much pain when she drives her car. The intensity of the pain was not shown. There is medical testimony to the effect that she probably will suffer pain permanently as a result of her injuries.

We note that the court charged the jury that if they found that there was an arthritic condition which was aggravated by the accident, it became a proper matter for consideration. No proof was offered of an aggravation of an arthritic condition. After verdict, and upon reflection, the presiding justice might have felt that his instructions in this respect had misled the jury and had affected the size of the verdict.

In any event we are unable to find any abuse of discretion on the part of the presiding justice in ordering a new trial on defendant's motion.

The defendant, at the conclusion of the trial of the second case, made a motion for a directed verdict on the grounds that the plaintiff had failed to prove negligence on the part of the defendant and that the plaintiff had established contributory negligence on her part as a matter of law. The defendant after verdict seasonably filed a motion *n.o.v.* Under Rule 50 (b) M.R.C.P. the trial court may order a final judgment contrary to the verdict if the direction for a verdict was erronously denied. Defendant's motion was denied by the presiding justice.

A verdict should not be ordered for the defendant by the trial court when taking the most favorable view of the evidence, including every justifiable inference, different conclusions may be fairly drawn from the evidence by different minds. *Archer* v. *Aetna Casualty Co.*, 143 Me. 64, 68; *Howe* v. *Houde*, 137 Me. 119; *Wellington* v. *Corinna*, 104 Me. 252. Expressed conversely, a verdict is properly directed when a contrary verdict could not be sustained, and the evidence and inferences therefrom are to be taken in the

light most favorable to the party against whom the verdict was directed. *Cantillon* v. *Walker, et al.,* 146 Me. 160, 161, and cases cited.

The question before us on this motion of defendant is whether the evidence taken in the light most favorable to the plaintiff with all reasonable inferences therefrom would have warranted a finding by the jury that the defendant was guilty of negligence which was the proximate cause of plaintiff's damages and that the plaintiff was free from contributory negligence.

The accident happened at the intersection of St. John Street and Congress Street in the city of Portland. The plaintiff was on St. John Street travelling north and the defendant on Congress Street travelling west. The plaintiff was faced with a stop sign and a flashing red light. The defendant was faced with a flashing yellow light. The accident occurred within the intersection.

A careful review of the evidence satisfies us that the evidence was such that a jury would have been warranted in finding that the accident was caused by the negligence of the defendant and that the plaintiff was free from contributory negligence. Submission of the case to the jury was required. The case was a typical jury case, and the jury returned a verdict for the plaintiff. It was justified in so doing. The court properly denied defendant's motion for a directed verdict, and his subsequent motion for a judgment *n.o.v.*

The plaintiff in her points of appeal claims that the damages assessed by the jury in the second trial were inadequate. It is the duty of the court, in the case of excessive damages, to set aside the verdict if the jury disregards the evidence or acts from passion or prejudice. *Chizmar* v. *Ellis,* 150 Me. 125; *Johnson, et al.* v. *Kreuzer,* 147 Me. 211. Or if the jury acted from improper influence, or makes some

mistake of fact or law. *Pearson* v. *Hanna,* 145 Me. 379, 381. Court will not interfere with verdict though it seems somewhat large, if it be within the bounds of reason. *Davis* v. *Tobin,* 131 Me. 426, 434. The same considerations apply to verdicts where inadequacy of damages are claimed. *Cosgrove* v. *Fogg, et al.,* 152 Me. 464.

The testimony in the second trial relating to damages was substantially the same as that given in the first trial. There was, however, medical testimony that during the year that elapsed between the two trials the limitation of movement of the neck had increased. The plaintiff testified that due to her injuries her income had decreased considerably. The jury saw the various witnesses and heard their testimony in relation to plaintiff's damages. It was for the jury to consider whether any decrease in plaintiff's income was due to her injuries or from a natural letdown in work which comes to some people at her age of life. When it appears that the jury have discharged their duty with fidelity, and have reached a reasonable approximation of the damages, the court will not interfere in the verdict. *Davis* v. *Tobin, supra.* We do not believe the verdict in this case was so inadequate as to warrant interference by this court.

The entry will be

*Plaintiff's appeal denied.*

*Defendant's appeal denied.*