**Donald O. SMITH**

v.

**Robert M. TONGE, Muriel S. Tonge, and Lois S. Jones.**

Supreme Judicial Court of Maine.

Aug. 25, 1977.

---

**2.** *See Sweetsir v. Chandler*, 98 Me. 145, 56 A. 584 (1903).

Locke, Campbell & Chapman by Joseph B. Campbell, Augusta, for plaintiff.

Levine, Brody & Levine by Morton A. Brody, Frederick E. Levine, Waterville, for Muriel Tonge.

Marden, Dubord, Bernier & Chandler by Robert A. Marden, Waterville, for Lois S. Jones.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

This civil action was instituted to obtain an order requiring the defendants to "turn over and deliver to plaintiff indorsed to his order the shares of stock of Maine Mortgage Company presently registered in their names." After a jury had responded to interrogatories reflecting its conclusion that the plaintiff had made a gift of one share of stock to defendant Robert M. Tonge, but had not done so with respect to two shares which stood in the joint names of defendants Muriel S. Tonge and Lois S. Jones, the Justice below ordered entry of the following judgment:

"[I]t is hereby ORDERED and ADJUDGED as follows:

1. Judgment for defendant Robert M. Tonge without costs.

2. It is further ordered and adjudged that defendants Muriel S. Tonge and Lois S. Jones forthwith surrender to plaintiff the two shares of stock of Maine Mortgage Company standing in their names on the certificates of ownership numbered 11 and 12 and that they forthwith make, execute and deliver to plaintiff assignments in proper form to effect the transfer of said shares to plaintiff."

Defendant Muriel S. Tonge is the sole appellant. We deny her appeal.

The appellant saved no specific point for appellate review. She did not object to the procedure of trial by jury, nor to any

portion of the charge to the jury.[1] *Lowery v. Owen M. Taylor & Sons, Inc.*, 374 A.2d 325, 327 (Me.1977). She made neither a motion for a defendant's judgment nor one for judgment notwithstanding the verdict.[2] She failed to file a motion for a new trial.[3] Our review of this record is thus necessarily limited to a determination of whether any of the substantial rights of the defendant have been violated. Rule 61, M.R.C.P.[4]

■ We have no right as a Law Court to disturb this judgment unless after an examination of the record in its entirety we are convinced that the appellant has been substantially prejudiced, remembering that the burden of demonstrating this prejudice rests with the appellant. *Vincent v. Young*, 324 F.2d 266 (10th Cir. 1963); *Morgan v. Paine*, 312 A.2d 178 (Me.1973).

The plaintiff organized and owned Maine Mortgage Company. From time to time he filled the directorate by causing qualifying shares to be registered in the names of various people, including employees. On February 11, 1963, a single share of this stock was registered in the name of his son-in-law, Robert M. Tonge, and about two years later two shares of stock were registered in the joint names of his daughters, the appellant and Lois S. Jones. As thus constituted, the stock stood in the name of the plaintiff, his two daughters, and his son-in-law, the latter being actively engaged in prosecuting the business of the corporation.

Although named a party defendant, Lois S. Jones disavowed any interest in the trial and, in effect, consented to be bound by a judgment against her.

■ We see no occasion to recite specifically the evidence introduced by the litigants. Suffice it to say that the facts were in dispute and a rational jury could have determined from the legally admissible evidence that the stock standing in the name of defendant Robert M. Tonge belonged to him as the result of a valid gift, whereas the same jury could have reached the opposite conclusion with reference to the stock registered in the names of the two sisters.

The appellant has urged consideration of six items, none of which requires extended discussion, particularly when viewed in the context of Rule 61, M.R.C.P.

Since the relief sought by the complaint is equitable in nature, appellant initially urges us to hold that it was reversible error to submit the case to a jury. Rule 39(d), M.R.C.P., provides:

"In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury, or the court, with the consent of the parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

Additionally, we note that Rule 16(c)(4), M.R.C.P., states,

"and such [pre-trial] order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

*See Beckwith v. Rossi*, 157 Me. 532, 538, 175 A.2d 732, 736 (1961).

The record contains pre-trial memoranda submitted by both the appellee and appellant, in *each* of which appears the following statement: "A jury trial is demanded." A Superior Court Justice then entered the following order:

"Pre-trial hearing had. All counsel present. After conference and review of the file, it is apparent that the pleadings

1. Rule 51(b), M.R.C.P.

2. Rule 50(a)(b), M.R.C.P.

3. Rule 59(a), M.R.C.P.

4. "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

and *Pre-trial Memorandums are sufficient to govern the course of the trial and are therefore adopted . . . .*" (Emphasis supplied.)

The next step in the trial scenario is reflected in the opening comment by the Court Reporter:

"(This cause came on for trial before [the Justice presiding] and a jury duly impaneled and sworn on the eighteenth day of May, 1976 at the County Courthouse at Augusta, Maine.)"

There was no objection to any of this procedure by counsel either for the appellee or the appellant. Thus, the record demonstrates beyond possibility of dispute that the trial was, in the language of Rule 39(d), "with consent of the parties."

We hold the appellant's argument to be without merit. This conclusion finds absolute support in precedent. Rule 39(d), M.R. C.P., was modeled on F.R. 39(c), and we have traditionally used federal interpretation of comparable rules when construing our own rules. *See* Field, McKusick and Wroth, 1 Maine Civil Practice, commentary § 39.3 at 560–61.

Baron and Holtzoff[5] uses the following language when commenting on a consensual jury trial:

"[T]he verdict of the jury has the same effect as if the case had actually been triable to a jury as of right, and is not advisory only."

This result has been adopted in federal courts where the status of a jury verdict was under question. *Stockton v. Altman,* 432 F.2d 946 (5th Cir. 1970), *cert. denied,* 401 U.S. 994, 91 S.Ct. 1232, 28 L.Ed.2d 532 (1971); *Kelly v. Shamrock Oil & Gas Corporation,* 171 F.2d 909 (5th Cir. 1949).

In interpreting a rule phrased identically to our Rule 39(d), the North Dakota Court interpreted its civil rule (which was likewise derived from the federal rule) on facts nearly parallel to those now before us, and held:

"[T]he verdict has the same effect as if the trial by jury had been a matter of right."

*Sprenger v. Sprenger,* 146 N.W.2d 36, 40 (N.D.1966).

▮ We thus conclude that this particular jury verdict had the same dignity as one returned in a case where the right to trial by jury was constitutionally guaranteed and, therefore, cannot be considered merely as advisory.

The other reasons advanced for sustaining the appeal deal primarily with the failure of the Justice presiding to instruct the jury in a given area, and error in his instruction with reference to circumstantial evidence and burden of proof. We have read the instructions carefully and, in terms of violating any of the substantial rights of this appellant, find these arguments to be without merit. Additionally, appellant has argued that the result announced by the jury was clearly erroneous. As we have previously indicated, there is no substance to this argument, even if the point had been saved for appellate review.

The entry is:

Appeal denied.

All Justices concurring.

POMEROY, J., did not sit.

---

5. 2B Baron and Holtzoff, Federal Practice and Procedure, § 891 (Rules Ed. 1961).