**McCAIN FOODS, INC.**

v.

**Victor ST. PIERRE.**

Supreme Judicial Court of Maine.

Argued June 14, 1983.

Decided Aug. 9, 1983.

---

Phillips, Olore & Walker, P.A., John C. Walker (orally), Presque Isle, for plaintiff.

Quigley & Currier, Donald E. Quigley (orally), Presque Isle, Nancy Dady, Brewer, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and WATHEN, JJ.

NICHOLS, Justice.

The Plaintiff, McCain Foods, Inc., appeals from an order of the Superior Court (Aroostook County) entered on December 15, 1982, which granted a motion of the Defendant, Victor St. Pierre, for judgment notwithstanding the verdict. We sustain the appeal because we conclude (1) that the issues were tried to the jury by consent of the parties pursuant to M.R.Civ.P. 39(d), and (2) that there was credible evidence supporting the jury's verdict in favor of the Plaintiff.

The Plaintiff processes potatoes for french fries. The Defendant grows potatoes. On June 12, 1980, the parties entered into a contract for the purchase and sale of potatoes, the grower signing that contract: "Victor St. Pierre, Inc., by Victor St. Pierre, President." [1] The Plaintiff did not receive the potatoes due it under the terms of the contract.

In June, 1981, the Plaintiff commenced this action against both Victor St. Pierre, Inc. and Victor St. Pierre personally, alleging breach of contract and fraud. The Plaintiff asserted that due to various factors concerning the formation and operation of Victor St. Pierre, Inc., the individual should be held personally liable as the "alter ego" of the corporation. The Defendant filed an answer in which he asserted as a defense that he had signed the contract only on behalf of the corporation, and only in his capacity as President thereof.

The parties subsequently served and filed pre-trial memoranda. Significantly the De-

1. Although Victor St. Pierre, Inc. was a Defendant in the action below, we have deleted its name from the caption of this case on appeal because the corporation has not taken any part in the appeal.

fendant's pre-trial memorandum requested a jury trial. The Superior Court entered a pre-trial order pursuant to M.R.Civ.P. 16 which specified that the case would be tried before a jury. Neither party objected to the terms of the pre-trial order. *See* M.R. Civ.P. 16(c)(3).

The case was tried before a jury and the jury was instructed that it could hold the individual Defendant personally liable if it found (1) that he had dominated and controlled the corporate Defendant, (2) that he made a false representation relating to a matter of significance, and (3) that the Plaintiff's reliance on that misrepresentation led directly to its particular damages. On a special verdict form, the jury returned a verdict against both the corporation and the individual Defendant. The Defendant thereupon filed a motion pursuant to M.R. Civ.P. 50(b) for judgment notwithstanding the verdict. The Superior Court granted this motion stating that it could find no evidence that the Plaintiff had relied to its detriment on the Defendant's misrepresentations. This appeal followed.

■ The issue of whether the corporate form should be disregarded and an officer, director or other party held personally liable for the corporation's obligations is an issue involving the courts' equitable powers. *See Bangor Punta Operations, Inc. v. Bangor and Aroostook Railroad,* 417 U.S. 703, 713, 94 S.Ct. 2578, 2584, 41 L.Ed.2d 418 (1974).

■ When a jury is participating in a merely advisory capacity, as is usually the case in equitable matters, the Superior Court is free to dispense with the jury's advice and substitute the Court's own findings on factual issues without regard to the jury's advice. *Supruniuk v. Petriw,* 334 A.2d 857, 858 (Me.1975). In these circumstances, the court's findings are reviewed under the "clearly erroneous" test of Rule 52(a). *Id.;* 1 Field, McKusick & Wroth, *Maine Civil Practice,* § 39.3 at 281 (Supp. 1981). When a jury is sitting by consent of the parties, however, "the verdict of the jury has the same effect as if the case had

actually been triable to a jury as of right, and is not advisory only." *Smith v. Tonge,* 377 A.2d 109, 112 (Me.1977) (quoting 2B Baron and Holtzoff, *Federal Practice and Procedure,* § 891 (Rules Ed.1961)). *See* M.R.Civ.P. 39(d); *Supruniuk,* 334 A.2d at 858. In these circumstances we will uphold the entry of a judgment notwithstanding the verdict only if a verdict for the plaintiff "could not have been sustained upon any reasonable interpretation of the evidence, including every justifiable inference, viewed in the light most favorable to the [plaintiff]." *Supruniuk,* 334 A.2d at 858; *Schultz v. Gould Academy,* 332 A.2d 368, 369 (Me.1975); *Boetsch v. Rockland Jaycees,* 288 A.2d 102, 104 (Me.1972). Thus, to determine what standard of review is applicable to the Superior Court's actions in this case, we must first determine whether the jury was serving in merely an advisory capacity, or was sitting by consent of the parties.

■ From a review of the record in this case, it is clear that the jury was sitting by consent of the parties. M.R.Civ.P. 39(d) provides in relevant part that "[i]n all actions not triable of right to a jury the court ... with the consent of the parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." M.R.Civ.P. 39(d). The pre-trial order specified that the case was to be heard before a jury. Under M.R.Civ.P. 16(c)(3), the pre-trial order controls the subsequent course of the litigation. M.R.Civ.P. 16(c)(3); *Ocean National Bank of Kennebunk v. Odell,* 444 A.2d 422, 424 (Me.1982). Thus, in effect, the court ordered trial by jury.

There is no question that the parties consented to trial by jury. First, the Defendant's pre-trial memorandum requested a jury trial. Second, neither party availed itself of the opportunity provided by M.R. Civ.P. 16(c)(3) to object to the terms of the pre-trial order. Third, the parties did not object to the impaneling of a jury; nor did they object to the jury being instructed in

788 ■ 

regard to the equitable issue. Fourth, neither the parties nor the court mentioned at any time the concept of an advisory jury.

A jury verdict returned in these circumstances "has the same effect as if trial by jury had been a matter of right." M.R. Civ.P. 39(d). *See Smith v. Tonge,* 377 A.2d at 112; *Supruniuk,* 334 A.2d at 858. Because we conclude that this case was tried to the jury by consent of the parties, we apply the standard of review applicable to the granting of a motion for judgment notwithstanding the verdict.

■ A motion for judgment notwithstanding the verdict should be granted only if no reasonable interpretation of the evidence, viewed in the light most favorable to the prevailing party, and including any inferences arising therefrom, could support a verdict in favor of that party. *MacLean v. Jack,* 160 Me. 93, 100–101, 198 A.2d 1, 5 (1964). If, on the basis of credible evidence in the record, reasonable minds could reach different conclusions in regard to a dispositive factual question, the court may not set aside the conclusion reflected in the jury's verdict. *See Minott v. F.W. Cunningham & Sons,* 413 A.2d 1325, 1332 (Me.1980); 1 Field, McKusick & Wroth, *Maine Civil Practice,* § 50.4 at 316 (Supp.1981).

■ Turning to the relevant facts of this case, the Superior Court set aside the jury verdict on the ground that it could not find any evidence of detrimental reliance on the part of the Plaintiff. As to reliance, however, there is credible testimony in the record from which the jury could reasonably have found that the Plaintiff, in entering into the purchase and sale contract with the Defendant, relied on the Defendant's representation that he had "incorporated" his

**2.** Since any error in the jury instructions favored the Defendant, we have no occasion to define the circumstances in which an individual may be held personally liable for a corporate

farming business. The jury could reasonably have found that the Defendant had not "incorporated" his farming operation, but instead had merely formed a hollow, assetless corporation. There is evidence which would support the finding that the Defendant did not convey his farming business nor any other asset to the corporation. From this evidence and the evidence indicating that the Defendant breached the terms of the contract, the jury could reasonably have concluded that the Plaintiff relied on the Defendant's misrepresentations to its detriment.

The record thus reveals credible evidence supporting the jury's verdict for the Plaintiff under the instructions given by the Superior Court.[2] The court erred in granting the Defendant's motion for judgment notwithstanding the verdict. As a result of our disposition of this case, we need not discuss the other issues that the Plaintiff raised on appeal.

Pursuant to Rule 50(c) of the Maine Rules of Civil Procedure, the entry must be:

Appeal sustained.

Judgment vacated.

Remanded for reinstatement of the verdict against the individual Defendant, Victor St. Pierre, and the entry of judgment thereon.

All concurring.