### Donald P. LAWRENCE

v.

### Alfred H. SAUNDERS.

Supreme Judicial Court of Maine.

Argued March 21, 1988.
Decided April 6, 1988.

John S. Jenness, Jr. (orally), South Paris, for plaintiff.

J. Mitchell Flick (orally), Rocheleau, Fournier & Lebel, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The defendant, Alfred Saunders, appeals from the judgment of the Superior Court, Oxford County, entered on the jury's verdict in favor of the plaintiff, Donald Lawrence, on Lawrence's complaint for damages for the alleged breach by Saunders of a contract between the parties. Saunders challenges the amount of the award of damages to Lawrence and the sufficiency of the evidence to support the jury's verdict. Because we hold that the record reveals a rational basis for the amount of the award and Saunders failed to preserve his challenge to the sufficiency of the evidence for appellate review, we affirm the judgment.

Lawrence filed suit in the District Court, South Paris, alleging that a contract between the parties granting to Lawrence the exclusive timber cutting rights on Saunders' land was breached by Saunders. Saunders removed the action to the Superior Court and counterclaimed, alleging that Lawrence had breached the contract by using unacceptable harvesting methods thereby damaging Saunders' property.

The jury found that Saunders had breached the contract and awarded Lawrence $26,000 in damages. The court denied Saunders' motion for a new trial or for judgment notwithstanding the verdict. From an entry of judgment for Lawrence in the amount of $26,000, Saunders appeals.

Saunders does not charge that the jury acted under bias, prejudice, improper influence or compromise, but challenges the amount of the damages awarded. The assessment of damages is a "factual matter generally within the sole province of the jury." *Braley v. Berkshire Mutual Insurance Co.*, 440 A.2d 359, 361 (Me.1982). An award of damages will be disturbed on appeal "only when it is plain that there is no rational basis upon which the amount of the award may be supported," *Hood v. Mercier*, 523 A.2d 572, 574 (Me.1987), or the jury acted under " 'some bias, prejudice, or improper influence, or reached its verdict by compromise.' " *Strickland v. Cousens Realty, Inc.*, 484 A.2d 1006, 1007 (Me.1984) (citing *Braley*, 440 A.2d at 361).

■ Here, the record reveals that Lawrence testified that his estimated net profit would have amounted to $26,000 if he had been able to complete the contract. Lawrence's expert witness also testified that Lawrence would have realized approximately $26,000 after expenses from the sale of timber harvested from Saunders' land. Although the jury also heard contradictory evidence, the evidence of Lawrence and his expert witness, if accepted by the jury, formed a rational basis to support the amount of the damages awarded by the jury to Lawrence. Accordingly, the trial court properly denied Saunders' motion for a new trial on that ground.

■ We need not address Saunders' challenge to the sufficiency of the evidence to support the jury's verdict that Saunders had breached the contract between the parties. At the close of all the evidence Saunders did not move for a directed verdict as required by M.R.Civ.P. 50(a) and thus failed to preserve the issue of the sufficiency of the evidence for consideration by the trial court on his motion for a judgment notwithstanding the verdict or for appellate

**1104**

review of the trial court's denial of this motion. *Hull v. L & A Montagnard Social Club, Inc.,* 498 A.2d 597, 599 (Me. 1985); *Nordic Sugar Corp. v. Maine Guarantee Authority,* 447 A.2d 1239, 1241 (Me.1982); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 50.1 at 663 (2d ed. 1970).

The entry is:

Judgment affirmed.

All concurring.