### Richard TROTT

### v.

### Henry McPHERSON.

Supreme Judicial Court of Maine.

Argued Nov. 17, 1988.

Decided Dec. 15, 1988.

---

John W. Chapman (orally), Richardson & Troubh, Portland, for plaintiff.

Warren M. Silver (orally), Bangor, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

In 1983, Henry McPherson was a licensed real estate sales agent in the office of Richard Trott, a licensed real estate broker. In March of that year, Trott told McPherson about 27,000 acres of timberland coming on the market and instructed him to contact some people in Texas. McPherson kept secret from Trott his progress with the Texans (and instructed others not to mention it). Also without Trott's knowledge, McPherson applied to have his license transferred from Trott to First Realty. (He advised the seller of the timberland as early as March that he actually represented First Realty.) On June 20, the same day the transfer application was actually received by the Maine Real Estate Commission, the Texans signed an option agreement to purchase the land for $5,500,-000. The sale finally closed February 1, 1984. Trott received no share of the $460,-000 commission and McPherson received from First Realty a higher share than he would have from Trott. The seller testified that he would have given an open listing to anyone who had a potential buyer. In the Superior Court (Penobscot County; *Beaulieu, J.*), a jury awarded Trott $90,000 on his claim for damages for breach of contract and fiduciary duty. McPherson appeals. We affirm.

▪▪▪ Contrary to McPherson's contentions, Maine's real estate licensing statute did not prohibit this award of damages. McPherson relies on Title 32 M.R.S.A. § 4003 (1983) which provided that "it shall be unlawful for any licensed real estate salesman to pay a commission to any person except through the broker under whom he is at the time licensed."[1] Trott did not seek to have McPherson pay him a commission, however. Instead, he sought a portion of the commission paid by the seller, a commission to which he deemed his agency

---

1. The statute as amended, 32 M.R.S.A. § 13067(1)(J) (1988), no longer contains this language.

entitled by virtue of McPherson's efforts while he was licensed with Trott. The jury could legitimately find that "at the time," McPherson was licensed with Trott's agency and that Trott was therefore entitled to a share of the commission. Moreover, Trott's recovery of damages for a breach of fiduciary duty by McPherson hardly qualifies as payment of a commission.

McPherson's remaining contentions can be treated summarily. As a broker, Trott did not have to show that he was the effective and producing cause of the sale to entitle him to a portion of a commission generated by one of his agents. Any error in the exclusion of expert testimony concerning the custom of real estate brokers and sales agents in the Bangor area was rendered harmless, M.R.Evid. 103(a), by Trott's testimony on cross-examination concerning the Trott agency practices which, as it turned out, amounted to what the experts would have testified was the custom. McPherson failed to preserve his claim of insufficient evidence to support the jury verdict of breach of contract and of fiduciary obligation because he did not move for a directed verdict at the close of all the evidence as required by M.R.Civ.P. 50(a). *See Stanley v. DeCesere*, 540 A.2d 767, 770 (Me.1988); *Lawrence v. Saunders*, 539 A.2d 1102, 1103–04 (Me.1988); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 50.1, at 663 (2d ed. 1970).

The entry is:

JUDGMENT AFFIRMED.

All concurring.