Lillian I. DOLLOFF

v.

Donald J. DOLLOFF, et al.

Supreme Judicial Court of Maine.

Argued June 5, 1991.
Decided June 27, 1991.

Paul B. Watson, Windham, Stephen C. Chute (orally), Portland, for plaintiff.

Joel Martin (orally), Petruccelli, Cox & Martin, Portland, for defendant, on appeal.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Defendants Donald J. Dolloff and Jean M. Dolloff appeal the judgment of the Superior Court (Cumberland County, *Bradford, J.*) following a jury verdict in favor of plaintiff Lillian I. Dolloff. Finding that the evidence was sufficient for the jury to find proof of undue influence, we affirm the Superior Court's judgment.

On August 28, 1987, plaintiff, a 73–year-old widow, signed a deed conveying a fourteen-acre parcel of land in Gorham to defendants, plaintiff's stepson and his wife. On July 30, she had asked a local real estate agency to list this property as part of a fifty-seven acre parcel for sale. At that time, plaintiff requested that the agency notify her stepson of the listing, indicating that she had told him that she would let him know if she ever decided to sell the land. The agency notified the stepson of the listing and set the price per acre at $15,657. The stepson testified that he believed he was entitled to a portion of the land plaintiff was selling and was upset to learn that plaintiff had planned to devise all her land to her own daughter.

The stepson began visiting plaintiff, asking her to sell him the land. On August 5, just six days after she listed the property, plaintiff took it off the market. After two weeks or more of frequent visits, plaintiff agreed to sell her stepson and his wife the fourteen-acre parcel they wanted for $14,-000, payable at a rate of $2,000 per year, without interest, unless plaintiff died or transferred all or a substantial portion of her assets to a third party, in which case the promissory note would be discharged. Plaintiff accepted the first $2,000 payment from defendants and signed the deed before a notary public. She testified, however, that she did not remember seeing any documents prior to the closing and had signed the deed not knowing what it was.

On April 27, 1988, plaintiff met with the lawyer who had settled her husband's estate and told him that she wanted to undo or avoid the conveyance. She said that her stepson had "pestered" her and frequently tried to get her to convey the property to him. In May and June, she spoke with a social worker and a lawyer from Legal Services for the Elderly, indicating that her stepson had "agitated with her," pestered her, and pressured her into signing the deed. In August, when her stepson tried to make the second payment on the land, plaintiff refused to accept the check or give

him a receipt. She testified concerning his reaction to her refusal: "He looked like he was going to hit me but he didn't."

Eight months later, plaintiff filed a complaint asking the Superior Court to declare the deed executed to defendants null and void. Although defendants' trial counsel moved for a directed verdict at the end of plaintiff's case, he did not renew that motion at the close of all the evidence. A unanimous jury found that plaintiff executed the deed to defendants as a result of undue influence.[1] Defendants appeal.

In Maine, undue influence must be proven by clear and convincing evidence. *See Russo v. Miller,* 559 A.2d 354, 357 (Me.1989); *Taylor v. Commissioner of Mental Health,* 481 A.2d 139, 149–50 (Me. 1984) Because defendants did not renew their motion for a directed verdict at the close of all the evidence, they failed to preserve the issue of sufficiency of the evidence for appellate review. *See, e.g., Trott v. McPherson,* 551 A.2d 854, 856 (Me. 1988). Nevertheless, due to the heightened burden of proof required to prove undue influence, defendants urge us to review the record for plain error, "error of such magnitude that a serious miscarriage of justice will result if it remains uncorrected."

In *Taylor,* we adopted a definition of clear and convincing evidence, "by which the party with the burden of persuasion may prevail only if he can 'place in the ultimate factfinder an abiding conviction that the truth of [his] factual contentions are "highly probable." ' " *Taylor v. Commissioner of Mental Health,* 481 A.2d at 153 (quoting *Colorado v. New Mexico,* 467 U.S. 310, 316, 104 S.Ct. 2433, 2437, 81 L.Ed.2d 247 (1984)). Using this definition, we can address, on appellate review, whether the jury "could reasonably have been persuaded that the required factual finding was or was not proved to be highly probable." *Id.* In reviewing for plain, or obvious error, our review of the record is limited to a determination of whether any

**1.** Both parties appear to have assumed plaintiff's entitlement to a jury trial in an equitable action for recision. With the parties' acquiescence, the case was presented to the jury for a binding verdict.

of defendants' substantial rights have been violated. *See Smith v. Tonge*, 377 A.2d 109, 111 (Me.1977). If the record is devoid of any evidence to support the verdict, the Superior Court's judgment, based on the jury's verdict, would constitute obvious error, affecting substantial rights of defendants. *See* M.R.Evid. 103(d). In finding, however, that credible evidence exists to support the jury's verdict, we conclude that the Superior Court's judgment does not violate any of defendants' substantial rights. *International Paper Co. v. State*, 248 A.2d 749, 752 (Me.1968).

 In *Russo v. Miller*, we held that a contract is voidable by a party if her manifestation of assent is induced by undue influence by the other party and we defined undue influence, as follows:

> "Undue influence is unfair persuasion of a party who is under the domination of the person exercising the persuasion or who by virtue of the relation between them is justified in assuming that that person will not act in a manner inconsistent with [her] welfare."

*Russo v. Miller*, 559 A.2d at 358 (quoting *Restatement (Second) of Contracts* § 177 (1981)). The jury's verdict must be upheld if the jury could reasonably have been persuaded that it was highly probable that defendants exerted unfair persuasion on plaintiff while she was (1) under defendants' domination or (2) justified in assuming that defendants would not act in a manner inconsistent with her welfare by virtue of the relationship between them. *See id.* Among the factors that may be considered in determining whether undue influence was present are "the unfairness of the sale price, the absence of independent advice and counsel, and the susceptibility of [the] seller." *Id.* The comments to *Restatement (Second) of Contracts* § 177 suggest that a party's weakness, infirmity, or advanced age may also be factors in determining whether the re-

quired relation existed, and that family relationships such as parent-child often fall within the rule. "In each case it is a question of fact whether the relation is such as to give undue weight to the other's attempts at persuasion." *Restatement (Second) of Contracts* § 177 comments a & b.

 On this record, we find that the jury could reasonably have been persuaded that it was highly probable that the stepson exerted undue influence on plaintiff by visiting her frequently over a period of several weeks and "pestering" her to sell him the land. The jury could have found that the sale price and the terms of the promissory note were unfair, and that plaintiff's long-term relationship with her stepson as well as her advanced age and vulnerability would have made her susceptible to defendants' domination.[2] It was also established at trial that plaintiff had not been represented by independent counsel at the time of the transaction, was upset when she took the land off the market, and reported to two lawyers and a social worker that her stepson had pressured her into selling the land. Thus, the jury could reasonably have concluded that it was highly probable that defendants exerted unfair persuasion on plaintiff. Moreover, the jury could have concluded that plaintiff was under her stepson's domination and justified, based on their parent-child relationship, in assuming that her stepson would not act in a manner inconsistent with her welfare. Because credible evidence exists that could give rise to an inference justifying the jury's verdict, we find no error, much less obvious error affecting substantial rights.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Plaintiff married stepson's father in 1937 when stepson was six years old and helped raise him to adulthood. Undisputed testimony established that plaintiff lived a relatively isolated life and had been quite dependent on her husband. During her husband's illness and after his death, plaintiff relied heavily on stepson for help. At the time of the transaction, plaintiff did not drive, was in poor health, and could not read without a magnifying glass. The social worker described her as "easily intimidated" and needing "a lot of support."