Paul MONDELLO, et al.

v.

GENERAL ELECTRIC CO., et al.

Supreme Judicial Court of Maine.

Argued Sept. 7, 1994.

Decided Dec. 8, 1994.

Sandra Hylander Collier (orally), Ferm, Collier & Larson, Ellsworth, for plaintiffs.

Martica S. Douglas (orally), Douglas, Whiting, Denham & Rogers, Portland, for General Elec. Co.

Frederick F. Costlow (orally), Richardson, Troubh & Badger, Bangor, for Brown's Appliance.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Paul and Mary Mondello and their daughter, Eleanor, appeal from the judgment entered on a jury verdict in the Superior Court (Hancock County, *Mead, J.*). The Mondellos sued General Electric Co. and Brown's Appliance & Television, Inc. for injuries allegedly suffered as a result of defects in a General Electric gas range they had purchased from Brown's Appliance. The jury found that the range was defective but that the defect was not the cause of any injury to the Mondellos. The court entered a judgment in favor of General Electric and Brown's Appliance. On this appeal the Mondellos challenge a number of evidentiary rulings made by the trial court. We affirm the judgment.

Shortly after the Mondellos purchased the stove in June 1986, they noticed a number of malfunctions. Three repairmen, Carl Presley, Warren Blair, and Louis Romer, visited the Mondellos' home in Milbridge between June 1986 and April 1987 and attempted to fix the stove. After the repairmen failed to correct the problems, the Mondellos stopped using the stove. The Mondellos alleged that in the fall of 1986 they began to suffer symptoms, such as headaches, shortness of breath, and blackouts, which they attributed to the malfunctioning stove. At the trial the Mondellos sought to prove that a malfunctioning oven burner and a defective gas regulator caused the stove to emit unsafe levels of carbon monoxide and other byproducts of incomplete combustion. The Mondellos maintained that these byproducts of incomplete combustion caused their injuries.

## I.

### *M.R.Evid. 403 Rulings*

At the trial the Mondellos attempted to offer statements made to them by the three repairmen who serviced the stove. Presley prepared a note for the Mondellos at the time he serviced the stove to the effect that he found "a small leak at the appliance regulator" and that he "detected something coming from the oven." He could not "determine what type of detectable gas" was coming from the oven. With regard to Blair, the Mondellos made no formal offer of proof as to the exact substance of his statements. It is clear from the record, however, that the trial court understood the purported statements to reflect that the stove was malfunctioning and that it was emitting byproducts of incomplete combustion. The court excluded the Presley and Blair statements pursuant to M.R.Evid. 403.[1] The court ultimately admitted the Romer statements after the Mondellos established that Romer acted as an agent for Brown's Appliance.

The Mondellos also sought to impeach Blake Brown, the owner of Brown's Appliance, with a "field corrective notice." On direct examination, Brown testified that he had never heard of a problem similar to that alleged by the Mondellos. The Mondellos sought to introduce the notice, which warned that certain 1986 and 1987 General Electric gas ranges might produce unsafe levels of carbon monoxide while operated in the self-

---

1. M.R.Evid. 403 provides:

    Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

cleaning cycle. Again, the trial court excluded the corrective notice pursuant to Rule 403.

■ In reviewing a trial court's decision to exclude relevant evidence pursuant to Rule 403, we recognize that the trial court is in a better position than an appellate court to weigh unfair prejudice against probative value. *State v. Poland*, 426 A.2d 896, 898 (Me. 1981). For that reason, we review Rule 403 rulings only for an abuse of discretion. *See State v. Robinson*, 628 A.2d 664, 666 (Me. 1993).

■ The court surmised that the jury would equate the statements of Blair and Presley with *de facto* expert testimony that the stove produced harmful byproducts of incomplete combustion. In the court's view, a cautionary instruction would have been unlikely to prevent the resulting prejudice. Given the limited probative value of the evidence, the court was within its discretion, pursuant to M.R.Evid. 403, to exclude the statements.

■ The court was likewise within its discretion to exclude the field corrective notice. The Mondellos conceded that the notice did not apply to the specific gas range at issue in this case. They established neither that Brown's Appliance had received the notice nor that Brown himself had any personal knowledge of its existence. Moreover, the notice did not warn of the same defect alleged by the Mondellos in this case. In these circumstances the court could conclude that the potential prejudice outweighed the notice's limited impeachment value. The court committed no error by excluding the evidence.

## II.

### *The Kelsey Deposition*

In 1988 the Mondellos sought treatment for their injuries from Dr. Karl Kelsey. Kelsey is a specialist in diseases related to exposure to toxic substances. The Mondellos offered Kelsey's deposition at the trial in lieu of live testimony pursuant to M.R.Civ.P. 32(a)(3).[2] The Mondellos argued that they were entitled to introduce the entire, unredacted deposition pursuant to an agreement of the parties. In their argument before the trial court, the Mondellos distinguished trial depositions from discovery depositions. Trial depositions, according to the Mondellos, are taken pursuant to an agreement of all parties that the deposition is to be introduced in its entirety at trial. They agreed with the defendants that discovery depositions may be used at trial in some circumstances, but only after each party is allowed to redact portions of its own examination of the witness. General Electric, which hoped to redact portions of its cross-examination of Kelsey, disputed the existence of any deposition agreement.

■ For the first time on appeal, the Mondellos contend that Rule 32 does not allow General Electric to redact portions of its cross-examination of Kelsey. The trial court, however, had accepted the distinction, suggested by the Mondellos, between trial depositions and discovery depositions. The court accepted the view that for a deposition to be admissible in its entirety, the parties must clearly understand that it is intended to be used at trial. Finding no such understanding among the parties, the court ruled that "each party owns the questions that they asked."

■ An interpretation of the rules is subject to plenary review on appeal. *See Fraser v. Barton*, 628 A.2d 146, 148 (Me.1993). The distinction between discovery depositions and trial depositions and their admissibility under Rule 32 is supported neither by case law nor

**2.** M.R.Civ.P. 32(a)(3) provides in pertinent part:
(a) **Use of Depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any of the following provisions:

. . . .
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: ... (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition: . . . .

the language of the rule.[3] The rule simply provides that "any part or all of a deposition" may be used against any party who was present at the deposition. Moreover, under Rule 32(a)(3), the deposition of a witness may be used "by any party for any purpose." Finally, pursuant to Rule 32(a)(4), if a party offers part of a deposition, then "any party may introduce any other parts." The rules of evidence provide the only limitation on the use of depositions under Rule 32. Because the parties' distinction between trial and discovery depositions is unfounded, the court's ruling that each party owns its own questions was erroneous.

▮ The Mondellos not only failed properly to object to the trial court's application of Rule 32, they embraced the dichotomy between discovery depositions and trial depositions. The Mondellos limited their argument to proving an agreement of the parties requiring use of the entire deposition. After the court made its ruling, the Mondellos objected but did not expand the ground for the objection beyond the court's failure to find an agreement. Moreover, with respect to all but a small portion of the excluded testimony, the Mondellos made no proper offer of proof.[4]

▮ When a party fails properly to preserve an objection to the exclusion of evidence, the scope of appellate review is very narrow. We will review the record only to determine whether the trial court's error violates substantial rights of a party. *Dolloff v. Dolloff,* 593 A.2d 1044, 1046 (Me.1991). *See* *also McLaughlin v. Sy,* 589 A.2d 448, 451 (Me.1991). The instant case is similar to *Parker–Danner Co. v. Nickerson,* 554 A.2d 1193 (Me.1989). The *Parker–Danner* defendant failed to object when the trial court measured the admissibility of expert testimony against the wrong legal standard, and we found no obvious error affecting substantial rights, even though the court's error deprived the defendant of its only expert witness. *Id.* at 1195. In the instant case, the trial court's error did not affect the Mondellos' rights even to that extent, Their failure, therefore, properly to· preserve their objection to the court's ruling is fatal to their appeal.

No other issues raised on appeal merit discussion.

The entry is:

Judgment affirmed.

All concurring.

---

3. Several federal courts, interpreting the identical federal counterpart to M.R.Civ.P. 32(a), have also rejected the distinction between trial depositions and discovery depositions. *See Tatman v. Collins,* 938 F.2d 509, 510 (4th Cir.1991) (rules "make no distinction for' use of a deposition at trial between one taken for discovery and one taken for use at trial. Moreover, we are unaware of any authority which makes that distinction"); *Gill v. Westinghouse Elec. Corp.,* 714 F.2d 1105, 1107 (11th Cir.1983) (rejecting argument that Fed.R.Civ.P. 32(a)(3) fails to recognize the exploratory character of pretrial discovery); *Savoie v. Lafourche Boat Rentals, Inc.,* 627 F.2d 722, 724 (5th Cir.1980) (rejecting argument that deposition taken for discovery purposes could not be used by adverse party at trial).

We have frequently relied on federal interpretations of the identical counterparts to the Maine Rules of Civil Procedure. *See Durgin v. Robertson,* 428 A.2d 65, 68 n. 2 (Me.1981) (federal authority provides valuable guidance); *Maine Cent. R.R. v. Bangor & A. R.R.,* 395 A.2d 1107, 1114 (Me.1978) ("we value constructions and comments on the federal rule as aids in construing our parallel provision"); *Wormelle v. George,* 325 A.2d 4, 5–6 n. 3 (Me.1974) (federal authority provides valuable guidance).

4. Indeed, even on appeal, the Mondellos have neither demonstrated the manner in which they were prejudiced by the exclusion of each specific redaction, nor established its independent admissibility under the Maine Rules of Evidence. A proper offer of proof must contain each of these elements. *See* Field & Murray, *Maine Evidence* § 103.4 (3d ed.1992). They simply entreat us to "[p]lease compare the entire original transcript, with the redacted version of the transcript."