STATE OF MAINE                                    SUPERIOR COURT
Sagadahoc, ss.                                    AMH -SAG- 4/24/2013

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

                    Plaintiff

v.                                                Docket No. SAG-RE-10-039

BRYAN COBB and KATHRYN COBB

                    Defendants

ORDER REGARDING JUDGMENT BASED ON IMPROPER VENUE

The Clerk has noted that this residential foreclosure action was brought in the wrong venue. The real estate at issue is in Brunswick, Cumberland County. A foreclosure proceeding by civil action must be brought in "either the Superior Court or the District Court in the division in which the mortgaged premises or any part of the mortgaged premises is located." 14 M.R.S. § 6321. Unfortunately, the error of the Plaintiff bank's attorneys in filing the case in the wrong court went undetected until after the point at which the court had issued summary judgment.

The question becomes what to do? Had the problem surfaced before entry of judgment, one option might have been to transfer the case to the proper court in Cumberland County. See 14 M.R.S. § 508 (transfer of venue). However, the transfer provisions apply to actions or proceedings, not to judgments. *Id.* Moreover, the public policy underlying in the statutory and programmatic protections for homeowners in foreclosure proceedings, such as the Foreclosure Diversion Program, argues for making the burden of the error fall on the bank that made the error.

In the court's view, the judgment in this case must be vacated under Rule 60(b). Once the judgment is vacated, the case again becomes a civil action that can be

1

transferred to the correct court. The Plaintiff bank will need to refile its motion for summary judgment in that court if it wishes again to obtain judgment.

Rule 60(b) is silent as to whether a motion to vacate must be filed by a party or whether such a motion may the court's own motion, but the analogous federal rule has been construed to allow the court to act on its own motion under Rule 60(b), and this court is prepared to do so. *See, e.g. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999); *McDowell v. Celebrezze*, 310 F.2d 43 (5th Cir. 1962); *United States v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961). *See also Mondello v. General Elec. Co.*, 650 A.2d 941, 944 (Me. 1994)(federal courts' interpretation of federal rules provide guidance in interpretation of counterpart Maine rules). However, the parties are entitled to notice and an opportunity to be heard before the court acts on its own motion to vacate the judgment should one or more of the parties fail or refuse to do so.

The Clerk will send this Order to the parties. The parties have 14 days from the date of this Order to file any objection to the Court's proposed course of action, or to file their own motion to vacate the judgment for improper venue. Failure to make a responsive filing within 14 days constitutes waiver of any objection to the court's vacating the judgment on its own motion.

Pursuant to M. R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this order by reference in the docket.

Dated April 24, 2013

A. M. Horton
Justice, Superior Court

2

CHASE HOME FINANCE LLC - PLAINTIFF

Attorney for: CHASE HOME FINANCE LLC
JOHN A TURCOTTE  - RETAINED 02/13/2012
AINSWORTH THELIN & RAFTICE, PA
7 OCEAN ST
PO BOX 2412
SOUTH PORTLAND ME 04116-2412

Attorney for: CHASE HOME FINANCE LLC
PAUL E THELIN  - RETAINED 10/07/2010
AINSWORTH THELIN & RAFTICE, PA
7 OCEAN ST
PO BOX 2412
SOUTH PORTLAND ME 04116-2412


vs
BRYAN COBB  - DEFENDANT
185 HACKER ROAD
BRUNSWICK ME 04011
KATHRYN COBB  - DEFENDANT
185 HACKER ROAD
BRUNSWICK ME 04011

Filing Document: COMPLAINT

SUPERIOR COURT
SAGADAHOC, ss.
Docket No  BATSC-RE-2010-00039


**DOCKET RECORD**

Minor Case Type: FORECLOSURE