Fred L. LEADBETTER and Lillian
J. Leadbetter

v.

Harold C. MORSE

and

Fred L. LEADBETTER and Lillian
J. Leadbetter

v.

Gard TWITCHELL.

Supreme Judicial Court of Maine.

Argued April 28, 1986.

Decided May 29, 1986.

Susan P. Herman (orally), Clifford, Clifford & Stone, Lewiston, for plaintiff.

Skelton, Taintor, Abbott & Orestis, Stephen P. Beale (orally), Lewiston, for Gard Twitchell.

Berman, Simmons & Goldberg, P.A., Paul F. Macri (orally), Jennifer Nichols Ferguson, Lewiston, for Harold Morse.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

WATHEN, Justice.

This appeal involves consolidated actions brought by Fred and Lillian Leadbetter against Harold Morse and Gard Twitchell to recover for unauthorized cutting of timber on the Leadbetters' property in the Town of Turner. Morse, who owns property situated south of the Leadbetter parcel, hired Twitchell to cut timber on his land. In carrying out the contract, Twitchell cut timber from land owned by the Leadbetters. After a non-jury trial, the Superior Court (Androscoggin County) awarded the Leadbetters actual damages against Twitchell pursuant to 14 M.R.S.A. § 7552 (Supp. 1985–1986) and double damages against Morse pursuant to 14 M.R.S.A. § 7552–A (1980). Morse appeals the judgment entered against him, and Twitchell appeals from the denial of a cross-claim he filed against Morse seeking indemnification to the extent he was found liable to the Leadbetters. We affirm the judgment of the Superior Court.

I.

The common boundary between the Morse and Leadbetter parcels, which constitutes Morse's northern line and the Leadbetters' southern line, runs parallel to the northern boundary of the Leadbetter parcel. The Leadbetters' northern boundary is represented partly by a stone wall and partly by an old barbed wire fence. Morse's northern line, the common boundary, was also represented at the time of the cutting by an old barbed wire fence. This latter fence was dilapidated, with some sections either buried underground or nonexistent. Witnesses described the fence as discontinuous, broken down and as more gaps than fence.

When Twitchell agreed to cut wood for Morse, Morse gave him a mortgage deed containing a description of the parcel to be harvested. When asked whether he described the boundaries of the property or told Twitchell how to locate where to cut, Morse testified that he did not, stating that Twitchell told him not to worry because he knew how to interpret the deed. Morse also testified that Twitchell assured him that he would check with all abutting landowners. Twitchell testified that he did check with one such landowner but did not talk to the Leadbetters.

After the initial meeting, Twitchell walked the parcel alone and then consulted a tax map at the Turner Town Office. Evidence at trial revealed that the tax map erroneously depicted the Morse parcel, showing that parcel to be bounded in part by what is actually the northern boundary of the Leadbetter parcel. In addition, the tax map showed an angle or jag in Morse's northern line that does not appear in the description in the deed. Twitchell testified that when he later walked the parcel with Morse, he pointed out what he perceived to be a problem regarding Morse's northern boundary but assured Morse that he did not think there would be any problem if he stayed away from the area in question.

Finally, both Twitchell and Morse testified that when they walked the parcel together, they found an old barbed wire fence running along the northern boundary. Morse maintained that the fence they encountered was the one along the northern boundary of his parcel. Twitchell stated, however, that they had walked along the fence that actually represents the Leadbetters' northern line.

The Superior Court found that Twitchell had cut timber on the Leadbetters' land but had not done so willingly or knowingly, and thus, awarded actual damages against Twitchell pursuant to 14 M.R.S.A. § 7552

(Supp.1985–1986).[1] The court also found that Morse had authorized Twitchell to cut timber from an area more than ten acres large and within 200 feet of the Leadbetter property and had failed to "clearly mark" his boundary with the Leadbetters. Accordingly, the court awarded the Leadbetters double damages against Morse pursuant to 14 M.R.S.A. § 7552-A (1980).[2] On Twitchell's cross-claim against Morse, the court denied recovery based on its finding that Twitchell had not cut on the Leadbetters' land solely at the express direction of Morse.

## II.

Morse argues on appeal that the Superior Court erred in finding that he had failed to clearly mark his boundary with the Leadbetters. He contends that the existence of a barbed wire fence running along the boundary, coupled with his having walked along the boundary with Twitchell, satisfies his obligation to clearly mark the line.

██ Findings of fact made by the presiding justice will be set aside only if clearly erroneous. *Dunning v. Dunning,* 495 A.2d 821, 823 (Me.1985). The evidence revealed that the Leadbetters' northern boundary was also represented by an old barbed wire fence. The court found that owing to the existence of the two fences, the evidence was unclear as to which boundary line Morse and Twitchell had actually walked along. In addition, various witnesses testified that the existing fence along Morse's northern boundary was dilapidated and, in some places, was missing altogether. From this evidence, we conclude that the Superior Court's finding that

Morse had failed to clearly mark his northern boundary is not clearly erroneous.

## III.

On appeal, Twitchell contends that the Superior Court erred in denying his cross-claim against Morse. Twitchell does not challenge the court's finding that Morse did not expressly direct him to cut on what turned out to be the Leadbetters' property. Indeed, such a challenge could not prevail in light of evidence that Twitchell consulted a tax map and, in fact, assured Morse that there would be no problem so long as he stayed away from what he, Twitchell, considered a questionable area. Rather, Twitchell argues that he was entitled to recovery on his cross-claim because 1) he relied on the description in a deed given to him by Morse and 2) that description, properly construed, contains the entire area in which he cut.

██ The mortgage deed given to Twitchell by Morse contains a description that outlines by metes and bounds a parcel including all the land now owned by Morse and the Leadbetters. That description, however, expressly excepts what is now the Leadbetter parcel from the premises conveyed. Thus, Twitchell's contention that the description in the deed encompassed the entire area in which he cut is without merit. In addition, even if we accepted Twitchell's construction of the deed, we still need not decide if reliance on that deed would entitle him to indemnification from Morse. Twitchell himself testified, and the Superior Court found, that he consulted a town tax map and at least one abutting landowner. Thus, even if Twitc-

1. Section 7552 states in relevant part:
   Whoever cuts down ... or carries away any ... timber ... from land not his own, without license of the owner, ... is liable in damages to the owner in a civil action. If such an act or such acts are committed willfully or knowingly, the defendant is liable to the owner in treble damages ....

2. Section 7552-A states in relevant part:
   Any person who authorizes the cutting of timber or wood on his own property, when the cutting involves an area of 10 or more acres, shall clearly mark any property lines which are within 200 feet of the area to be cut. If any such person fails to clearly mark such property lines and if the person or persons who are authorized to cut then cut timber or wood on abutting land without the authorization of the owner of that land, the person who failed to mark his property lines shall be liable in a civil action, in double damages, to that owner of the abutting land.

hell is correct that reliance on the deed would entitle him to recovery on his cross-claim, the denial of that claim was proper in this case because Twitchell did not rely solely on the deed.

The entry is:

Judgment affirmed.

All concurring.