**Gary W. STANLEY d/b/a S & S Construction**

v.

**Rose, Diane and Vincent DeCESERE.**

Supreme Judicial Court of Maine.

Argued March 11, 1988.

Decided April 21, 1988.

Robert N. Cyr (orally), Biddeford, for plaintiff.

Bruce Hochman (orally), Black, Lambert, Coffin & Haines, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The defendants, Rose, Diane and Vincent DeCesere (DeCeseres), appeal from a judgment for the plaintiff, Gary Stanley, entered by the Superior Court, Cumberland County, on a jury verdict awarding Stanley approximately $15,000 on his lien claim against the DeCeseres and finding for Stanley on the DeCeseres' counterclaim for breach of contract. The DeCeseres challenge several evidentiary rulings made by the trial court and the sufficiency of the evidence to support the verdict of the jury. Because we find no error in the trial court's evidentiary rulings and the DeCeseres failed to preserve the issue of the sufficiency of the evidence for appellate review, we affirm the judgment.

Rose, Diane and Vincent DeCesere contracted with Stanley for the construction of a building on their premises. A dispute arose between the parties. Stanley filed a complaint to enforce a mechanic's lien for labor and materials furnished to the DeCeseres for which he claimed he had not been paid. The DeCeseres counterclaimed, alleging, *inter alia,* that Stanley breached the contract by not completing the project in a workmanlike manner.[1] By special verdict, the jury found for Stanley in the amount of approximately $15,000 on his claim against the DeCeseres and on the DeCeseres' counterclaim for breach of contract. The DeCeseres appeal from the judgment entered on that verdict.

■ We first address the DeCeseres' assertion that the trial court abused its discretion in granting Stanley's motion to exclude the testimony of the DeCeseres' proposed expert, as to alleged defects in the construction of the building, for their failure to designate the witness prior to trial. We find no merit in the twofold argument of the DeCeseres that because Stanley's counsel 1) did not meet and confer with their counsel prior to filing a report of counsel setting forth Stanley's witnesses and list of exhibits, or 2) seek by discovery the information concerning any proposed expert witness they might call at trial, the DeCeseres had no obligation prior to trial to designate their proposed expert witness.

This case was placed on the expedited pretrial list by the Superior Court's order of June 20, 1986. The order required the parties to complete discovery by December

---

1. At the close of the evidence, the trial court granted Stanley's motion for a directed verdict on all other counts of the DeCeseres' counter- claim. The DeCeseres do not seek review of those rulings.

20, 1986, and to designate expert witnesses "sufficiently early within the discovery period" in order to enable the other party to designate its own experts.[2] The order further required the parties to meet for a conference of counsel and to file a report of the conference listing witnesses and exhibits. The order provided that additional witnesses would be permitted only with court approval and that witnesses not listed in the conference report could be excluded by the trial court.

The DeCeseres acknowledge that approximately one year before trial they were aware that Stanley would be his own expert witness. Although the parties did not meet for the conference of counsel, Stanley unilaterally filed notice of his proposed witnesses and exhibits. The DeCeseres did not identify their expert prior to the completion of discovery or prior to the date of the trial, and thus failed to comply with the June 20, 1986 order. On this record, the trial court did not abuse its discretion in granting Stanley's motion to exclude the testimony of the DeCeseres' expert witness. Such exclusion is a permissible sanction. *See* Administrative Order in Regard to Civil Case Flow Expedition in all Counties of the State, No. SJC–316 (effective February 1, 1986) (if party fails to comply with any provisions of an order placing case on expedited pretrial list, court shall impose sanctions as circumstances warrant, including exclusion of evidence at trial).

■ We next address the DeCeseres' contention that the court erred in refusing to strike Stanley's testimony regarding the contents of an accounts ledger allegedly given to the DeCeseres' original counsel. Stanley testified that at a meeting with the DeCeseres and their original counsel prior to the institution of this suit, he prepared a handwritten summary of the amounts paid and the amounts due based on his accounts ledger. Stanley testified that he gave the ledger to the DeCeseres' attorney, who never returned it. Without objection, Stanley used the summary during his testimony to refresh his memory.

One day after Stanley's testimony, the DeCeseres moved to strike Stanley's testimony, arguing that because Stanley had not filed notice with the DeCeseres to produce the ledger, his testimony as to the contents of the ledger should be stricken pursuant to M.R.Civ.P. 43(h).[3] The court denied the motion, finding that it was not timely. The DeCeseres argue that the record does not substantiate this finding by the trial court.

An objection or motion to strike must be timely and state the specific grounds therefor. M.R.Evid. 103(a)(1). The requirements of timeliness and specificity enable the trial court to make an informed decision and give the opposing party an opportunity to correct any defect in the proffered evidence. Field & Murray, *Maine Evidence*, § 103.2 at 6 (1987). We have previously stated,

> The requirement of contemporaneous objection to evidence which a party believes to be inadmissible is a salutory one. Its chief purpose is to afford the trial court an opportunity to rule on the evidence before it is heard by the jury. To await the close of evidence and seek for the first time to rule out evidence by motion to strike ... would frustrate the beneficial objectives of the simultaneous objection rule, ... would lead to abuse and subject the parties to unnecessary costly retrials.

*Michaud v. Steckino*, 390 A.2d 524, 532 (Me.1978).

Our review of the record discloses that at no time during Stanley's testimony did the DeCeseres object to or move to strike Stanley's testimony on the ground provided in Rule 43(h). The court did not err in finding that the motion to strike, made one day after the testimony was admitted, was not timely.

---

**2.** The DeCeseres' motion for a 60–day enlargement of time within which to complete discovery indicates their awareness of the requirements of the pretrial order.

**3.** M.R.Civ.P. 43(h) provides, in relevant part, that "[n]o evidence of the contents of a writing in the hands of an adverse party will be admitted unless previous notice to produce the writing at trial has been given...."

∎ We next consider the DeCeseres' contention that the court erroneously excluded testimony as to alleged admissions of Stanley regarding the quality of the work completed. Our review of the record discloses that the court properly excluded the testimony pursuant to M.R.Evid. 408, which provides for the exclusion of evidence of conduct or statements made during compromise negotiations.[4]

Finally, we turn to the DeCeseres' contention that the court erroneously excluded the opinion of Rose DeCesere as to the value of the building and the opinion of Diane DeCesere as to the cost of completing the building. Rose DeCesere was asked, "[D]o you believe that your house is worth what you paid for it?" On Stanley's objection, the court excluded the opinion as irrelevant. Diane DeCesere was asked for her opinion as to the cost of completing the house. On Stanley's objection, the court excluded the question as calling for an answer outside the scope of the witness's knowledge.

∎ The DeCeseres rely on the rule that a property owner is qualified to give an opinion as to the value of that property to assert that both opinions were erroneously excluded. *See Nyzio v. Vaillancourt*, 382 A.2d 856, 862 (Me.1978). This reliance is misplaced in both instances. Rose DeCesere's opinion was not excluded because she was not qualified to offer her opinion as to the value of her property. The court properly excluded it as being irrelevant to the issues before the court. M.R.Evid. 402. The question to Diane De-Cesere as to the cost of completing the house is not the equivalent of a question seeking her opinion as to the value of her property. Diane DeCesere displayed no knowledge as to the costs of labor and materials and did not testify to the technical aspects or extent of any alleged defects. The court properly exercised its discretion in excluding the testimony. *See Gosselin v. Better Homes, Inc.*, 256 A.2d 629, 639 (Me.1969) (cost of construction or repairs is a matter of estimate by a person qualified in the class of work in question). *See also* M.R.Evid. 701 (opinions of lay witness limited to those "which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue").

∎ We need not address the defendants' challenge to the sufficiency of the evidence to support the verdict of the jury. The DeCeseres did not renew their motion for a directed verdict at the close of all the evidence, and thus failed to preserve the issue of the sufficiency of the evidence for appellate review. M.R.Civ.P. 50(a); *Terrio v. Millinocket Community Hospital*, 379 A.2d 135, 139 (Me.1977); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 50.1 at 663 (2nd ed. 1970).

The entry is:

Judgment affirmed.

All concurring.

---

4. M.R.Evid. 408 provides, in relevant part:
   Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromise or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for, invalidity of, or amount of the claim or any other claim. Evidence of conduct or statements made in compromise negotiations is also not admissible on any substantive issue in dispute between the parties.