**MORIN BUILDING PRODUCTS CO., INC.**

v.

**ATLANTIC DESIGN AND CONSTRUCTION CO., INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 9, 1992.

Decided Oct. 20, 1992.

Peter D. Lowe, Brann & Isaacson, Lewiston, for plaintiff.

Arthur H. Dumas, Sanford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

The defendant, Atlantic Design and Construction Co., Inc., appeals from an adverse judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) after a jury-waived trial, contending that the court improperly disallowed a witness's testimony, that the trial court's findings are not supported by the evidence, and that the court erroneously released the plaintiff, Morin Building Products, Co., Inc., from further obligation under the contract. Finding no error in the record, we affirm the judgment.

Atlantic was hired as a general contractor to build a warehouse building. Atlantic hired Morin to furnish and install the exterior metal building panels. Morin installed the panels by attaching them to the building's steel frame structure previously erected by another subcontractor. During construction, Morin informed Atlantic that the steel frame was not properly aligned but Atlantic told Morin to continue with installation. After installation, Atlantic objected that the panel walls were not uniformly even but were bowed in places (a condition referred to as "oil canning"). Morin attributed the defect to the misaligned structural steel but made several attempts to remedy the defective appearance of the panels. Eventually, Atlantic told Morin to stop all repair efforts, and Morin left the job site without completing the items contained on the final repair list.

Receiving no payment from Atlantic, Morin filed a complaint against Atlantic seeking damages for its alleged breach of the contract with Morin by Atlantic's failure to pay Morin. Atlantic defended its nonpayment by claiming that Morin supplied defective material or substandard installation. At the trial, on the objection of Morin, the court excluded the opinion testimony of Paul Cronin, the vice-president of the corporate owner of the building, as to the depreciation in value of the building by reason of Morin's claimed defective performance of its contract with Atlantic. Based on the evidence submitted to it, the court found that Morin substantially performed his contract with Atlantic, that the claimed defects were caused by the misaligned structural steel installed by another contractor, and that Morin was excused from further repair obligations under the contract because Atlantic had obstructed Mo-

rin's efforts to make repairs. From the judgment entered in favor of Morin, Atlantic appeals.

 Relying on the rule that a property owner is qualified to give an opinion as to the value of that property, Atlantic contends that the court erroneously excluded the opinion evidence proffered by Cronin. *See Walters v. Petrolane–Northeast Gas Serv.*, 425 A.2d 968, 974 (Me.1981) (owner may state opinion as to fair market value of owned property). This reliance is misplaced. Atlantic did not seek Cronin's opinion as to the fair market value of the building. Rather, it sought his opinion as to the amount of the depreciation in the value of the building caused by Morin's claimed defective performance of his contract with Atlantic. Cronin did not testify as to the technical aspects or extent of any claimed defects. He evidenced no knowledge that would qualify him to express an opinion as to the quality or adequacy of Morin's work or materials used or as to the cost of any labor or materials that may be necessary to correct any of the defects claimed by Atlantic. Accordingly, the court properly exercised its discretion in excluding the testimony. *Stanley v. De-Cesere*, 540 A.2d 767, 770 (Me.1988).

 Atlantic next contends that the evidence did not support the trial court's findings that the misalignment of the structural steel caused the "oil canning" of which Atlantic complains or that Morin substantially performed the contract. We disagree. A trial court's findings of fact will not be overturned unless clearly erroneous. *Leadbetter v. Morse*, 510 A.2d 524, 526 (Me.1986). A factual determination is clearly erroneous if not supported by competent evidence in the record. *Hamm v. Hamm*, 584 A.2d 59, 62 (Me.1990). Here, the court heard evidence that misaligned structural steel is a major cause of "oil canning" and that the structural steel on the building was misaligned. The evidence also establishes that Morin installed the exterior panelling to the satisfaction of the on-site superintendent, that the building is being used for its intended purpose, that the deficiencies are aesthetic and not struc-

tural, and that the deficiencies could be readily corrected by repair or replacement. *See F.A. Gray, Inc. v. Weiss*, 519 A.2d 716, 717 (Me.1986) (factors determining substantial performance).

 Finally, Atlantic argues that the court improperly relieved Morin of any further obligation under the contract. Prevention of performance is a breach of contract that excuses further performance by the non-breaching party. *See Martell Bros., Inc. v. Donbury, Inc.*, 577 A.2d 334, 336–37 (Me.1990). The evidence in this case that Atlantic rejected Morin's offer to remedy the defect in return for partial payment, refused Morin's offer to replace a wall and told Morin to stop work, supports the court's determination that Morin had no further obligation to Atlantic pursuant to their contract.

The entry is:

Judgment affirmed.

All concurring.