### David McGRAW et al.

### v.

### S.D. WARREN COMPANY

### v.

### CIANBRO CORPORATION.

Supreme Judicial Court of Maine.

Submitted on Briefs March 1, 1995.
Decided April 26, 1995.

William W. Willard, Mary Elizabeth Fougere, Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Wayne P. Doane, Cuddy & Lanham, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

S.D. Warren Company appeals from a judgment of the Superior Court (Somerset County, *Chandler, J.*) in favor of Cianbro Corporation on Warren's third-party complaint seeking indemnification from Cianbro for the personal injuries suffered by David McGraw, a Cianbro employee. Warren argues that the court erred in finding that Cianbro did not agree to indemnify Warren for damages caused by Warren's own negligence and that the complained of conduct on the part of Cianbro was not a proximate cause of McGraw's injuries. We affirm the judgment.

In 1987 Warren, which owns and operates a paper mill in Westbrook, contracted with Cianbro and several others to provide demolition and construction services on a project to rebuild its pulp mill. The record suggests that from the beginning of the project Warren and Cianbro had concerns about the emissions from a Warren smoke stack. McGraw testified that he and other Cianbro workers were exposed to emissions from the stack which affected their vision. After a time a number of employees, including McGraw, reported that they were becoming sick as a result of that exposure.

 The contract between Warren and Cianbro contained an indemnification clause, which is the subject of this appeal.[1] In the

---

1. Article 10 of the General Agreement between S.D. Warren and Cianbro entitled "Indemnification: Protection of Work, Persons and Property; Insurance" provides as follows:

(a) The contractor [Cianbro] is responsible for and shall continuously maintain protection of all the work and property in the vicinity of the work from damage or loss from any cause arising in connection with the contract and any work performed thereunder. [Cianbro] shall indemnify and hold owner [hereinafter S.D. Warren] harmless for any claims, suits, losses or expenses including attorneys' fees suffered by [S.D. Warren] arising out of injury to any person including [S.D. Warren's] or [Cianbro's] employees or damage to any property, including [S.D. Warren's] property if the injury or damage is caused in whole or in part

underlying action, David and Louise McGraw sought damages from Warren for its negligence in allowing David and other Cianbro employees to work in an area where they would be exposed to toxic emissions. Warren, in turn, sought indemnification from Cianbro. The jury returned a verdict against Warren in the amount of $111,250. By agreement of the parties, the third-party action was decided by the court. Among other findings, the court found that Cianbro did not specifically agree to indemnify Warren for damages caused by Warren's own negligence and that no negligence on the part of Cianbro was a proximate cause of McGraw's injuries.

In *Emery Waterhouse Co. v. Lea*, 467 A.2d 986, 993 (Me.1983), we stated that indemnification clauses that appear to indemnify a party for its own negligence are "looked upon with disfavor by the courts, and are construed strictly against extending the indemnification to include recovery by the indemnitee for his own negligence." *Id.* We explained that:

> It is only where the contract on its face by its very terms clearly and unequivocally reflects a mutual intention on the part of the parties to provide indemnity for loss caused by negligence of the party to be indemnified that liability for such damages will be fastened on the indemnitor, and words of general import will not be read as expressing such an intent and establishing by inference such liability.

*Id.* Because there is no clear and unequivocal language in the contract at issue that reflects "a mutual intention ... to provide indemnity for loss caused by" Warren's negligence, the court did not err in finding that Cianbro had not agreed to indemnify Warren for damage caused by Warren's negligence. *See id.*

 Turning to Warren's second contention, we will not set aside the trial court's findings of fact unless they are "clearly erroneous." *Morin Bldg. Prod. Co. v. Atlantic Design & Constr. Co.*, 615 A.2d 239, 241 (Me.1992). "A factual determination is clear-

ly erroneous if not supported by competent evidence in the record." *Id.* We have previously stated:

> An appellate court can reverse a finding of fact only where (1) there is no competent evidence in the record to support it, or (2) it is based upon a clear misapprehension by the trial court of the meaning of the evidence, or (3) the force and effect of the evidence, taken as a total entity, rationally persuades to a certainty that the finding is so against the great preponderance of the believable evidence that it does not represent the truth and right of the case.

*Pongonis v. Pongonis*, 606 A.2d 1055, 1057–58 (Me.1992) (citing *Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981) ).

 Although the record indicates that before its employees became sick Cianbro had concerns about the safety of those working in the plume from the smoke stack, the record also suggests that Warren told Cianbro that there would be absolutely no chemical exposure problem for its employees. Cianbro's project manager testified that Warren led him to believe that the only cause for concern would be reduced visibility. The record also suggests that before employees became sick Warren had conducted a study confirming that it would be possible to raise the stack, and that after Warren, in fact, raised the stack, there were no further problems associated with worker exposure to stack emissions. Warren did not raise the stack, however, until after workers became ill. Additionally, there was competent testimony regarding the adequacy of Cianbro's safety policies. It cannot be said that the trial court's finding that the complained of conduct on the part of Cianbro was not a proximate cause of McGraw's injuries was "clearly erroneous."

The entry is:

Judgment affirmed.

All concurring.

---

by [Cianbro] or any of [Cianbro's] subcontractors, material men or anyone directly or indirectly employed or otherwise controlled by any

of them while engaged in the performance of any work hereunder.