REC'D & FILED
SAGADAHOC COU

STATE OF MAINE

SAGADAOC, ss.

SUPERIOR COURT          DEC 23 2003
CIVIL ACTION
DOCKET NO. CV-02-01 SUPERIOR COUR

KEITH and KATHERIN DIRAGO,

     Plaintiffs

     v.

DECISION AND ORDER

MICHAEL and CHRISTIANE CORNISH,

     Defendants

## I.    Introduction.

In this case Keith and Katherin Dirago ("Diragos") have brought an action against Michael and Christiane Cornish ("Cornishes") stemming from their purchase of a home in Topsham from the Cornishes in November, 1997. The Diragos claim that after they purchased this house they experienced continuous water problems in its basement contrary to the representations of Michael Cornish who had told the plaintiffs that the house only had water problems once, in 1991, when electricity had caused the sump pump not to operate after which they had had no such problems.

The Diragos claim that the water problems in the basement of this house has caused damage to their furniture and the basement floor, that they have had to purchase a dehumidifier and backup sump pump to remedy this problem, and that they paid more for the house than it was actually worth. They seek monetary compensation for these alleged losses via their amended complaint which is expressed in three counts: Count I – Fraud, Count II – Negligent Misrepresentation; and Count III – Punitive Damages.

In response, the Cornishes have filed a motion for summary judgment seeking disposition of the entire case in their favor. They have also filed a motion to strike three

paragraphs of the plaintiffs' opposing statement of material facts and one paragraph of plaintiffs' response to the defendants' statement of material facts.

## II.    Defendants' Motion to Strike.

The defendants seek to strike paragraphs 8, 9 and 10 from the plaintiffs' opposing statement of facts. They read as follows:

> 8.    As the current owner of the house, it is Mr. Dirago's opinion that his house – which he purchased from the Cornishes – was worth approximately $15,000.00 less than what he paid for it because of the water problem in the basement. [See: Affidavit of Keith Dirago, paragraph 10.]

> 9.    As the owner of the house, it is Mr. Dirago's opinion that the damage caused to the house by the water problem amounts to approximately $10,000.00. This is based in part upon B-Dry's estimate to fix the water problem of approximately $5,000.00, plus the cost of repairing the basement floor after B-Dry is done. [See: Affidavit of Keith Dirago, paragraph 11.]

> 10.    As the owner of the furniture that was damaged by water in the basement, it is Mr. Dirago's opinion that the value of the furniture damaged and destroyed comes to approximately $3,500.00. [See: Affidavit of Keith Dirago, paragraph 12.]

The defendants contend that, because these statements are based on Keith Dirago's opinion rather than his personal knowledge, they must be stricken as M.R. Civ. P. 56(e) requires that affidavits in support of, or in opposition to, a motion for summary judgment must be made "on personal knowledge."[1] The issue presented by this motion, however, is not whether Keith Dirago's affidavit rests on personal knowledge, but whether the opinions expressed in that document are admissible in evidence. That is because evidence offered by a party in a summary judgment contest must be competent and admissible as such may be found in affidavits based on personal knowledge. *Estate of Althenn v. Althenn*, 609 A.2d 711, 714 (Me. 1992).

---

[1] Keith Dirago's affidavit is in the form prescribed by M.R. Civ.. P. 56(e).

Generally, opinion evidence is competent and admissible if it meets the standards of Maine case law and M.R. Evid. 601, 602 and 701. Thus, a lay witness' opinion is admissible in evidence if it is based on his perceptions, i.e., personal knowledge, and is helpful to the determination of a fact in issue. *Id.* at 701. In this regard, the Law Court has held that the owner of property is competent to testify with respect to the value of his real or personal property and that such testimony can support an award of damages. *Nyzio v. Vaillancourt*, 382 A.2d 856, 862 (Me. 1978). It follows then, that because an owner can testify as to his opinion of the value of his land and as to the fact of what he paid for it, he can testify as to the difference in these two figures. That being so, Dirago's assertion in paragraph 10 of his affidavit, and reiterated in paragraph 8 of the plaintiffs' opposing statement of facts, is admissible for purposes of acting on the summary judgment motion and cannot be stricken.

Paragraph 9 of the plaintiffs' opposing statement of facts restates Keith Dirago's opinion that the damage to his new house due to water seepage in its basement amounts to $10,000. He says he bases this on a repair estimate of $5,000 from B-Dry, the balance, apparently, representing his view of what the costs would be to repair the basement floor after B-Dry is done with its work.

Again, our Law Court assists in resolving this dispute as the case of *Stanley v. DeCesere*, 540 A.2d 767, 770 (Me. 1988) instructs that the "cost of . . . repairs is a matter of estimate by a person qualified in the class of work in question." (citing *Gosselin v. Better Homes, Inc.*, 256 A.2d 629, 639 (Me. 1969)). Thus, while B-Dry's estimate, which may be found in the affidavit of James Gregoire, is therefore admissible, Dirago's own estimate as to the cost of repair of the basement floor is not. Accordingly, the motion to strike this opinion is to be granted and so much of paragraph 9 which rests on Keith Dirago's opinion as to the cost of repairs to his basement floor, namely $5,000, is stricken as this

opinion is inadmissible as evidence and may not here be considered. *Estate of Althenn v. Althenn, id; Stanley v. Decesere, id.*

In paragraph 10, the plaintiffs again cite Keith Dirago's opinion that the value of his furniture, which he claims was damaged or destroyed by water entering his home, amounts to $3,500. As was observed with reference to paragraph 8 of the plaintiffs' opposing statement of facts, the owner of personal property is competent to testify as to its value. He may therefore also testify as to the value of furniture before and after it has been damaged. *Nyzio v. Vaillancourt, id.* That being so, paragraph 10 restates competent, admissible evidence and will not be stricken.

The defendants also ask that the plaintiffs' response to the defendants' statement of material fact number 23 be stricken. The plaintiffs' response reads in pertinent part as follows:

> In addition, in the expert opinion of the plaintiffs' expert, James Gregoire, it is highly probable that the basement would have flooded nearly every spring during rain storms. Undoubtedly the basement would have flooded several times between 1991 and November of 1997. [See: Affidavit of James Gregoire, paragraph 4.]

Again, the defendants argue that this statement ought to be deleted from the plaintiffs' opposing statement of material facts because it is in the form of an opinion and is not based upon the expert's personal knowledge of the condition of the basement between 1991 and 1997.[2] As discussed, *infra*, however, the "personal knowledge" requirement of a summary judgment affidavit is to insure that the affiant is competent to testify as to the assertions presented in the affidavit. Absent a showing of competence, the contents of the affidavit would, of course, be inadmissible and therefore without use in summary judgment practice. *See Estate of Althenn v. Althenn, id.* Moreover, an expert may be a competent witness, even though he lacks personal, first-

---

[2] James Gregoire's affidavit is in the form prescribed by M.R. Civ. P. 56(e).

hand knowledge of the facts, because an expert may provide admissible testimony based on facts on which he could reasonably rely. M.R. Evid. 602, 703; Adviser's Note, M.R. Evid. 703. Thus, in the court's view, the plaintiffs' affidavit does not fail the "personal knowledge" requirement of M.R. Civ. P. 56(e) and its contents would be admissible.

The defendants also attack this opposing statement of fact because it contains an opinion which, they say, goes beyond the designation provided for this witness in discovery via M.R. Civ. P. 26(b)(4). The designation for James Gregoire reads in pertinent part as follows:

> He will testify that the water table for the plaintiffs' property is at the basement floor level and that when it rains or when snow melts, the water table will rise above the floor, and water will come into the basement through the walls. . . . Mr. Gregoire has also inspected the plaintiffs' basement and has found significant indications of previous water leakage.

Thus, the defendants argue, because the designation does not state that "the basement would have flooded nearly every spring during rain storms," the Diragos should not be permitted to rely on this opinion as a statement of material fact in opposition to the motion for summary judgment.

While it is true that the expert's designation does not specifically state that the basement would likely have flooded every spring during rain storms, it does inform its reader that the water table at the plaintiffs' house is at the basement floor level so that when it rains or snow melts, the water will rise above the floor level and enter the basement through its walls and that this had occurred before the expert examined the basement. In the court's view, it is reasonable to infer from this designation what the expert has offered in his affidavit which is cited in opposition to the summary judgment motion; that is, if the water table is at the basement floor level and water is added on to this level by rain or snow melt in the spring, it would result in water entering the

basement. As it is a common springtime phenomenon in Maine to have rain and melting snow, one would understand that if a basement wall is permeable and at or below water level that water would enter the basement and, conceivably, cause damage. In the court's view, this expert opinion naturally follows the designation and should neither surprise the defendants nor result in its exclusion here.[3] Accordingly, the court will deny the defendants' request to strike Mr. Gregoire's opinion from the plaintiffs' opposing statement of material facts.

## III. Motion for Summary Judgment.

Because the disposition of the defendants' motion to strike does not derail the plaintiffs' opposition to the motion for summary judgment, it must here be addressed.

As noted, *infra*, the defendants ask for summary judgment on each of the three counts in the plaintiffs' amended complaint. Count I of that pleading alleges fraud, In order to prevail on a cause of action in fraud, a plaintiff must prove by clear and convincing evidence that a defendant:

> (1) [made] a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act in reliance upon it and (5) the plaintiff justifiably [relied] on the misrepresentation as true and act[ed] upon it to his damage.

*Butler v. Poulin*, 500 A.2d 257, 260 (Me. 1985) (citing *Letellier v. Small*, 400 A.2d 371, 376 (Me. 1979)).

The defendants argue that the plaintiffs have not established the first three elements of fraud, namely that the defendants made a knowing false representation to them about a material fact, specifically, the condition of the basement when they sold them their house. In support of this contention, the defendants represent that the only

---

[3] This conclusion is without prejudice to any evidentiary dispute which may occur at trial over the admissibability of Mr. Gregoire's opinions vis-à-vis the designation naming him as the plaintiffs' expert.

evidence the plaintiffs have that Michael Cornish falsely asserted that there had been no water problems in the basement after an April, 1991 flood is hearsay, namely, that two individuals have said that the Cornishes had had water problems in their basement. Because these individuals had never been there, the defendants say, their knowledge of this condition must be based on hearsay, is therefore inadmissible, and cannot be used to establish that Mr. Cornish misled the plaintiffs about the basement.

Moreover, the defendants argue, the plaintiffs cannot rest their claim of being misled by the defendants because they, the plaintiffs, have had water in the basement since they bought the house so that the defendants must also have had that experience. Such would amount to conjecture or speculation, they argue, and not satisfy the need for affirmative evidence of a knowingly false representation.

In response, the plaintiffs cite the expert testimony of James Gregoire, which the court has found to be admissible for purposes of this motion, that "it is highly probable that the basement would have flooded nearly every spring during rain storms," and that, "[u]ndoubtedly the basement would have flooded several times between 1991 and November of 1997." Plaintiffs' Opposing Statement of Facts, no. 23.

The plaintiffs also cite the court to the affidavit of Rickey Campbell who states that within a year of selling his house Michael Cornish told him, "You do not want this place. We have a major water problem going on downstairs." Plaintiffs' Opposing Statement of Facts, no. 23.

From these submissions, a factfinder could reasonably conclude that the Cornishes' home had had water problems in its basement since 1991 and that they knew about this condition. Accordingly, a factfinder could also reasonably conclude that Michael Cornish's statement denying such a problem with the basement was falsely made with knowledge of its falsity and for the purpose of inducing the Diragos to

purchase this defective house. Because the Cornishes deny all this, the court must find that there is a genuine issue of material fact as to the first three elements of fraud and summary judgment must be denied as to Count I of the amended complaint.

Count II is based on the facts alleged in Count I but is characterized as a claim of negligent misrepresentation rather than fraud. Negligent misrepresentation has been defined by our Law Court as follows:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance on the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. *Devine v. Roche Biomedical Laboraties, Inc.*, 637 A.2d 441, 445 (Me. 1994)(*quoting* RESTATEMENT (SECOND) OF TORTS § 552(1) (1977)).

Just as in their argument as to Count I, the defendants assert that the plaintiffs cannot prove that the defendants, specifically Michael Cornish, supplied any false information to the plaintiffs in the transaction at issue. In this regard, the defendants cite the same alleged deficiencies in the plaintiffs' case. As discussed, *infra,* however, the plaintiffs have directed the court to the affidavits of James Gregoire and Ricky Campbell which, in the court's view, would reasonably permit a factfinder to conclude that the Cornishes suffered flooding in their basement after 1991. Thus, any statement by Michael Cornish to the contrary might also yield the conclusion that he supplied false information to the Diragos to guide them in the purchase of the Cornish home. That being so, just as with Count I, there is a dispute of material fact as this element of negligent misrepresentatation and summary judgment may mot be entered for the defendants on this count.

Finally, the defendants claim that the plaintiffs cannot prevail with their punitive damages claim in Count III so that summary judgment ought to be entered against them on this count.

In order to recover punitive damages, a plaintiff must prove by clear and convincing evidence that a defendant acted with malice, express or implied, when committing the underlying tort. The plaintiffs have conceded that they cannot show that the defendants were actually motivated by ill will toward them when Michael Cornish allegedly misled them about the flooding in the basement, but they argue that the knowing misrepresentations were so outrageous that malice may be inferred from such misconduct. Thus, it appears that the sole basis to support the punitive damages claim, indeed all claims in this case, is the alleged deception in which Michael Cornish allegedly engaged in order to convince the plaintiffs to buy a house which he knew had a major, but concealed, defect. While the plaintiffs have yet to prove this central claim of their case, it cannot be said as a matter of law that such an alleged deception could not also be found to amount to implied malice, even where, as here, a heightened burden of proof will be required. That is because a trial court in reviewing a motion for summary judgment cannot resolve a factual dispute against the nonmovant "no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). Indeed, the court is required to view the evidence in the light most favorable to the nonmoving party, giving that party "the full benefit of all favorable inferences that may be drawn from the evidence." *Hughes v. Beta Upsilon Bldg. Assn.*, 619 A.2d 525, 526 (Me. 1993). Accordingly, because there is a dispute of fact as to whether the defendants misled the plaintiffs and because

it is possible that such a deception may be found to be so outrageous that malice may be implied, summary judgment may not be entered on this count.

## IV.    Conclusion.

For the reasons stated herein, the entries will be:

Motion to Strike is GRANTED in part, and DENIED in part.  The motion is GRANTED as to so much of paragraph 9 of Plaintiffs' Opposing Statement of Material Facts which constitutes the opinion of Kenneth Dirago as to the damage caused to his house by water problems; the motion is DENIED in all other respects.  Motion for Summary Judgment is DENIED.

So ordered.

Dated: December  22  , 2003

John R. Atwood
Justice, Superior Court