# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0506, <u>S & W Roofing, LLC v. Scott Shepperson</u>, the court on April 24, 2020, issued the following order:**

To the extent that the defendant requests to strike the plaintiff's brief because it does not contain sufficient record citations, the request is denied.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, S & W Roofing, LLC, appeals an order of the Superior Court (<u>McNamara</u>, J.) in favor of the defendant, Scott Shepperson (owner), on his counterclaim. The plaintiff contends that the trial court erred by: (1) finding that it breached the parties' contract and awarding the owner the cost of installing a new roof when the owner did not allow the plaintiff to repair the roof it had installed; (2) not deducting the amount due from the owner under the contract from the owner's damages; and (3) not considering whether the owner mitigated his damages.

We first address whether the trial court erred by finding that the plaintiff breached the contract, thereby discharging the owner's duties under the contract. To the extent that the plaintiff bases its arguments on RSA chapter 359-G (2009), we decline to address them because the trial court found, and the record before us supports, that the plaintiff did not raise these arguments until it moved for reconsideration, at which time the trial court declined to address them. <u>See</u> <u>Mt. Valley Mall Assocs. v. Mun. of Conway</u>, 144 N.H. 642, 654-55 (2000) (party cannot raise issue for the first time in motion for reconsideration when issue was readily apparent at time party initially sought relief); <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).

In this case, the trial court found that the plaintiff "breached its contract with [the owner], which required that it provide a new roof which does not leak during a New England winter." Not every breach of duty by one party to a contract discharges the duty of performance of the other. <u>Fitz v. Coutinho</u>, 136 N.H. 721, 724 (1993). However, a breach that is sufficiently material and important to justify ending the whole transaction constitutes a total breach that discharges the injured party's contractual obligation to perform. <u>McNeal v. Lebel</u>, 157 N.H. 458, 465 (2008). A breach of contract is material when it touches upon the fundamental purpose of the contract and defeats the parties'

object in entering into the contract. Ellis v. Candia Trailers & Snow Equip., 164 N.H. 457, 467 (2012). Whether a breach of contract is material is a question of fact, and we will uphold the trial court's findings of fact and rulings of law unless they lack evidentiary support or constitute a clear error of law. Id. at 466.

The trial court found that "the roof was leaking in multiple places" and that the owner "acted reasonably in obtaining another contractor to remedy the problem." Cf. Monticello v. Winnebago Indus., Inc., 369 F. Supp. 2d 1350, 1361 (N.D. Ga. 2005) (stating that plaintiff failed to establish that good sold was defective at time of sale); Morin Bldg. Prod. v. Atlantic Design, 615 A.2d 239, 240 (Me. 1992) (stating trial court found plaintiff substantially performed contract duties). Thus, the trial court implicitly found that the plaintiff's breach, in providing a roof that leaked in the winter, was material and discharged any further duty by the owner under the contract. See McNeal, 157 N.H. at 465.

The plaintiff argues that the owner had a contractual duty to allow it to repair the multiple leaks that appeared during the first winter after it installed the roof, and that, because the owner did not allow the plaintiff to repair the roof, he cannot recover damages. However, we conclude that the trial court's finding that the plaintiff materially breached the contract by installing a roof that leaked in multiple places is supported by the record and not legally erroneous. See Ellis, 164 N.H. at 466. Accordingly, the owner was released from any contractual duties. See McNeal, 157 N.H. at 465.

We next address whether the trial court adopted an incorrect measure of damages. Whether a party has sustained damages and the nature and extent thereof are questions of fact for the trial court to determine. Lassonde v. Stanton, 157 N.H. 582, 592 (2008). In reviewing damage awards, we view the evidence in the light most favorable to the prevailing party and will overturn an award only if we find it to be clearly erroneous. McNeal, 157 N.H. at 466. New Hampshire law does not require mathematical certainty in computing damages, but does require an indication that the award of damages was reasonable. Id. The goal of damages in actions for breach of contract is to put the non-breaching party in the same position it would have been in if the contract had been fully performed. Audette v. Cummings, 165 N.H. 763, 770 (2013); cf. Otto Misch Co. v. E.E. Davis Co., 217 N.W. 38, 41 (Mich. 1928) (stating roofer who installed leaking roof not obliged to pay for new roof of different design and specifications).

In this case, the trial court found that the plaintiff had contracted to provide the owner with a roof that did not leak and was warrantied by the installer. The contractor that the owner subsequently hired to address the problems with the roof that the plaintiff had installed testified to his observations of that roof, including that: (1) the plaintiff had mishandled the

2

shingles; (2) the ridge vent was not installed; (3) the weather guard material was improperly installed, such that the warranty was voided; and (4) the original flashing had been reused, which resulted in the restored flashing having nail holes from the previous installation. When the contractor began to work on the roof installed by the plaintiff, he discovered that the upper dormer's old shingles had not been stripped, the plywood underneath them had to be replaced, although the plaintiff had told the owner that no plywood required replacing, and that the rafter under it needed repair. The trial court found that the contractor was "knowledgeable in the roofing business and credit[ed] his expert testimony."

Based upon this evidence, the trial court found that "the only reasonable remedy was to replace the roof" that the plaintiff had installed. This finding was further supported by the contractor's testimony that: (1) no roofer would warranty repairs to a roof "[b]ecause it always tends to lead to other issues"; (2) "[t]he best way to address a roof is to fix it from start to finish"; and (3) he saw "just a lot of less care in the work" done by the plaintiff. The contractor concluded that when "you have that many shortcuts taken, [you do not know] what else is there unburied [sic]." Cf. Greenberg Realty Co. v. Cream City R & P. Mfg. Co., 197 N.W. 815, 817 (Wisc. 1924) (stating that roofer who installed roof and repaired multiple leaks was responsible for replacing it with new roof when it continued to leak repeatedly).

The plaintiff argues that the proper measure of damages was the cost to repair the multiple leaks in the roof. However, he represented to the trial court that a roofer's warranty is "a negotiated contractual term." The trial court concluded that the owner was "entitled to the benefit of his bargain with [the plaintiff], a warrantied roof, and he could not obtain that unless he replaced the entire roof." The plaintiff argues that it "did not warrant that [the] roof would remain new nor perfect for [the warranty] period, but that it'd continue to . . . serv[e] for the purposes intended, primarily protecting the underlying house from [the] elements" because it "was good, sound, and weatherproof for at least nine months or more a year." However, the trial court found, and the record supports, that it did not serve that purpose because it leaked in multiple places. Cf. M. W. Goodell Const. Co., Inc. v. Monadnock Skating Club, Inc., 121 N.H. 320, 323 (1981) (applying cost of repairs as measure of damages when roofer claimed no repairs required).

The plaintiff interprets the trial court's order as concluding that "a leaky roof cannot be repaired but can only be fixed by fully replacing the roof." On the contrary, the trial court found, on the specific facts of this case, that the installer's warranty for which the owner had bargained could not be obtained without replacing the roof, in part, because of the number and variety of problems with the roof installed by the plaintiff that were identified by the subsequent contractor. On this record, taking the facts in the light most

3

favorable to the owner, we conclude that the trial court's damage award was not unreasonable or clearly erroneous.  See McNeal, 157 N.H. at 466.

Finally, we address whether the trial court erred by not considering whether the owner had mitigated his damages and by not deducting $1,450 remaining due under the contract from the owner's damages.  It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court.  Bean v. Red Oak Prop., 151 N.H. at 250.  The appealing party has the burden on appeal to provide a record that is sufficient to decide the issues it is raising and to demonstrate that it raised those issues in the trial court.  Id.  The record before us does not reflect that the plaintiff raised either of these issues in the trial court.  Accordingly, we decline to consider them.

Any remaining issues raised by the plaintiff in its brief either are not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

4