STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO. CV-21-35

)
WILLIAM VICKERSON and LINDA            )
VICKERSON,                             )
                                       )
            Plaintiffs,                )
                                       )      ORDER ON MOTION TO DISMISS
      v.                               )      CROSS-CLAIM
                                       )
PINE STATE SERVICES, INC., and         )
TRUMBULL INSURANCE COMPANY,            )
d/b/a THE HARTFORD,                    )
                                       )
            Defendants.                )

STATE OF MAINE
Cumberland ss. Clerk's Office

NOV    2022

RECEIVED

Before the Court is Defendant Trumbull Insurance Company, d/b/a The Hartford's ("Trumbull") Motion to Dismiss the Cross-Claim of Defendant Pine State Services, Inc. ("Pine State"). Also before the Court is Pine State's Request for a Hearing. For the reasons set forth herein, Trumbull's motion is GRANTED. Pine State's Request for a Hearing is DENIED.[1]

## FACTUAL BACKGROUND

This litigation concerns an incident at William and Linda Vickerson's (the "Vickersons") home. The Vickersons claim that Pine State negligently installed incorrect parts into their bathtub, causing water to escape the plumbing and resulting in significant property damage. (Complaint ¶¶ 8-10.) The Vickersons also assert claims against Trumbull, their homeowner's insurer. The cross-claim at issue here arises out of an indemnity agreement reached by Pine State and Trumbull in a settlement of Trumbull's subrogation claim against Pine State. On Trumbull's motion to dismiss,

---

[1] A significant backlog of civil cases still remains as a result of court closures at the beginning of the COVID-19 pandemic. As such, this Court is only scheduling oral argument when absolutely necessary.

1

the facts alleged in the cross-claim are taken as admitted, and the cross-claim is read in the light most favorable to Pine State. *Doe v. Graham*, 2009 ME 88, ¶¶ 2-3, 977 A.2d 391.

On June 24, 2020, Pine State and Trumbull executed a Release and Indemnity Agreement (the "Agreement"), wherein Trumbull, in exchange for payment, agreed to "release...defend, indemnify, and hold harmless" Pine State and its insurance company, Liberty Mutual, "from any and all claims, causes of action, demands, liens, attorney fees, or costs that may arise from or be asserted against [them] arising out of the occurrence for which this consideration is paid." (Pine State Objection to Trumbull Motion to Dismiss ("Pine State Obj.") 3; Exhibit A to Pine State Obj. ("Exh. A").)[2] The Vickersons' Complaint was docketed on January 21, 2021. Pine State's cross-claim against Trumbull for Breach of Contract was docketed on May 3, 2022.

In its cross-claim, Pine State claims that Trumbull breached the Agreement by failing to defend and indemnify Pine State with regard to the Vickersons' negligence claim against Pine State. Trumbull argues that the Agreement does not require it to indemnify Pine State for Pine State's own negligence.

## STANDARD OF REVIEW

A motion to dismiss under M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the [cross-claim]. *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166. When the court reviews a motion to dismiss, "the [cross-claim] is examined 'in the light most favorable to the [cross-claim] plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [cross-claim] plaintiff to relief pursuant to some legal theory.'" *Lalonde*

---

[2] The Court will consider the Agreement in making its decision, as it is central to the cross-claim and referenced therein. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43 (concluding that "documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged").

*v. Cent. Me. Med. Ctr.*, 2017 ME 22, ¶ 11, 155 A.3d 426 (quoting *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43). Allegations in the [cross-claim] are deemed true for the purposes of deciding a motion to dismiss. *Id.* "Dismissal is warranted when it appears beyond a doubt that the [cross-claim] plaintiff is not entitled to relief under any set of facts that he might prove in support of his [cross-claim]." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244.

## DISCUSSION

Trumbull moves to dismiss Pine State's cross-claim for failure to state a claim upon which relief can be granted. M.R. Civ. P. 12(b)(6). To survive a motion to dismiss a breach of contract claim, a "plaintiff must demonstrate that the defendant breached a material term of the contract, and that the breach caused the plaintiff to suffer damages." *Tobin v. Barter*, 2014 ME 51, ¶ 10, 89 A.3d 1088. Viewing the facts in the light most favorable to Pine State, it has not alleged a set of facts that could entitle it to relief.

Generally, indemnity agreements are not against public policy. *Emery Waterhouse Co. v. Lea*, 467 A.2d 986, 993 (Me. 1983). However, agreements that indemnify a party for their own negligence are disfavored and strictly construed. *Doyle v. College*, 403 A.2d 1206, 1207 (Me. 1979). In such cases, indemnity requires "clear and unequivocal language" reflecting a mutual agreement to indemnify the party for their own negligence. *McGraw v. S.D. Warren Co.*, 656 A.2d 1222, 1224 (Me. 1995). "[A]nything less than an explicit statement clearly manifesting an intent to indemnify against the indemnitee's own negligence will not be sufficient to create an obligation to do so." *Burns & Roe, Inc., v. Cent. Me. Power Co.*, 659 F. Supp. 141, 144 (D. Me. 1987) (citing to *Emery*, 467 A.2d at 993 (lease indemnifying landlord against "any and all claims" did not encompass claims related to the landlord's own negligence)).

3

Here, no such language exists. The Agreement between Trumbull and Pine State contains the same broad, general language that the Law Court deemed insufficient to indemnify an indemnitee against their own negligence in *Emery*. 467 A.2d at 993. Essentially, Pine State argues that because the Agreement was signed after the loss event, it is obvious that there was a mutual intention for Trumbull to defend and indemnify Pine State against claims arising out of Pine State's own negligence. However, as explained above, Maine does not allow for such indemnity to be "establish[ed] by inference." *Id.* Instead, the contract must provide that the indemnitee will be indemnified for their own negligence "on its face and by its very terms." *Id.* Because the Agreement does not clearly and unequivocally state that Trumbull will defend and indemnify Pine State for Pine State's own negligence, Trumbull cannot have breached the Agreement by failing to do so. Thus, Pine State's cross-claim fails to state a claim upon which relief may be granted. Accordingly, the cross-claim is dismissed.

**Entry is:**

Trumbull Insurance Company's Motion to Dismiss Pine State Services' Cross-Claim is Granted. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 11/21/22

John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket 11/22/22

4